## HALDANE v. THE TOWN OF ARCADIA.

1. **Practice on Appeal**: ERRORS NOT ARGUED WAIVED. Assignments of error not argued by the appellant are deemed to be waived, and are not considered by the court.

2. ————: EVIDENCE TO SUPPORT VERDICT. This court will not consider an objection that the verdict is against the *weight* of the evidence, which implies that the evidence was conflicting.

3. **Procedure**: HOW FAR COURT AND JURY BOUND BY INSTRUCTIONS. Where the court erroneously instructed the jury that the amount claimed by plaintiff was not in issue, because not controverted, (Code, § 2712,) and they yet found a verdict for plaintiff for an amount less than that claimed, *held* that, while the jury erred in disregarding the instructions of the court, the court was not itself bound thereby, and that it erred in sustaining a motion by plaintiff for judgment in his favor, notwithstanding the verdict, for the full amount of his claim.    BECK, J., *dissenting*.

*Appeal from Carroll District Court.*

TUESDAY, DECEMBER 21.

ACTION to recover the value of services rendered by an attorney at law. There was a judgment for the plaintiff, and defendant appeals.

*Geo. W. Paine*, for appellant.

*Wright, Baldwin & Haldane*, for appellee.

ROTHROCK, J.—I.   Defendant assigns as error the action of the court in overruling, in two instances, objections made by defendant to plaintiff's evidence. These alleged errors are not argued; counsel for defendant contenting himself with copying, in his printed argument, these assignments of errors, without a word of comment or argument. Errors assigned which are not argued are regarded as waived, and receive no attention from the court.

1. PRACTICE on appeal: errors not argued waived.

II.   It is insisted that the district court erred in over-

Haldane v. The Town of Arcadia.

ruling defendant's motion for a new trial, on the ground that
2. ——: evi- the verdict is in conflict with the evidence.    But
dence to sup-
port verdict.  it is not claimed that the verdict is wholly with-
out the support of the evidence.   It is insisted only that it
is against the weight of the evidence.   If this be true, we can-
not, under familiar rules recognized here, disturb the verdict on
this ground.

III.   The jury returned a verdict for $150.   Plaintiff
claimed in the petition $450.   The court instructed the jury,
3. PROCED-        in effect, that the only issue in the case involved
URE : how far
court and    the question of the settlement of plaintiff's
jury bound by
instructions.  claim; that the services of plaintiff, and the
value thereof, as charged in the petition, were not denied
in the answer; and that plaintiff should be allowed the
amount of his claim, unless the jury should find the settle-
ment pleaded.   These instructions were not excepted to in
the court below, and are not complained of in this court.
The plaintiff moved the court to render judgment for the full
amount of the claim.   The motion was sustained, over the de-
fendant's objection, and complaint is now made of this ruling.

We think the motion should have been overruled.   It is
true that the court, in effect, directed the jury that, if they
found for the plaintiff, he was entitled to recover the amount
of his claim, and the defendant did not except to the instruc-
tions.   So far in the progress of the investigation the instruc-
tions should be regarded as the law of the case.   The rule
of the instructions was wrong, because the allegation of
the value of the services rendered by the plaintiff was not
admitted by a failure to controvert it.   Code, § 2712.   The
abstract upon which the cause is presented to us does not
show that the petition was verified, and the account for ser-
vices cannot be taken as true and admitted by a failure to
controvert it, as is provided by section one of chapter thirty-
six of the Acts of the Sixteenth General Assembly.   It was
therefore incumbent on the plaintiff to prove the value of
the legal services involved in the action.

Haldane v. The Town of Arcadia.

It is evident that the jury based their verdict upon what they regarded as the value of the plaintiff's claim. In adopting this rule, they determined the case properly under the issues; and, although the instructions to the jury were the law of the case, the rule, being erroneous, should not have been adhered to when the defendant objected to the motion made by the plaintiff to disregard the verdict of the jury, and render a judgment for the full amount claimed. The court should have then departed from the rule of the instructions, and either granted a new trial, or rendered judgment for the amount of the verdict.

The judgment will be reversed, and the cause remanded for a new trial.

REVERSED.

BECK, J., *dissenting.*—In my opinion, the instructions given by the court below must be regarded as the law of the case; and, as no exceptions were taken to them, they cannot be questioned or assailed in this court, and, indeed, that is not attempted. The services of plaintiff, and the value thereof, are to be regarded as admitted by defendant. The district court submitted no other issue to the jury than the one involving the settlement pleaded by defendant, and, in effect directed the jury that, if they found for plaintiff upon that issue the plaintiff is entitled to recover the amount of his claim. No issue was submitted to the jury involving the amount which plaintiff should recover. That was settled by the admissions of the pleadings, as held by the instructions of the district court, and therefore required determination by neither court nor jury. That part of the verdict finding the amount of recovery is mere surplusage, for there was nothing in the case, under the instructions of the court, requiring or permitting it. The court, therefore, properly disregarded it, and correctly entered judgment for the amount due plaintiff, as shown by the admissions of the pleadings.

In my opinion, the judgment of the district court ought to be affirmed.