## CLAGGETT v. HAMPTON et al.

No. 12422—Opinion Filed Dec. 26, 1923.

1. Appeal and Error—Review of Equity Case—Conclusiveness of Finding.

In an equitable action, the findings of a trial court should be sustained unless it appears that the findings are clearly against the weight of the evidence. Record examined, and held, the findings as to the fraud of defendants in the purchase of real estate are not clearly against the weight of the evidence, but the plaintiff is entitled to judgment against certain defendants for balance of purchase price.

2. Evidence — Fraud in Other Similar Transactions—When Competent.

Fraud in a particular transaction cannot be proved by evidence of another and independent fraud of the party charged, although in a similar transaction, unless it appears by the pleading and proof offered that there was such a connection between the transactions as to authorize the inference that the frauds are both parts of a general scheme or purpose to defraud.

3. Vendor and Purchaser—Notice of Rights of One in Possession.

A purchaser of land takes the same with notice of whatever rights and interests are owned by the one who is in possession of said land. Hodges v. Simpson et al., 89 Okla. 80, 213 Pac. 737. Such purchaser is not bound to take notice of the possession of one who does not own any rights or interests in the real estate.

(Syllabus by Estes, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Elizabeth Claggett against D. W. Hampton and others to cancel conveyance of real estate. Judgment for defendants, and plaintiff appeals. Remanded, with directions.

Rainey & Flynn, Hamilton & Pendleton, and Calvin Jones, for plaintiff in error.

G. E. Cassity, for defendants in error.

Opinion by ESTES, C. In 1918 plaintiff in error, as plaintiff, sued defendants in error, as defendants, in the district court of Nowata county to cancel certain instruments of record, and to recover 110 acres of real estate. She alleged that in 1913 she executed a contract with the defendant, Hampton, through the defendant Skillen for the sale by her to Hampton of such real estate for $4,000; that Skillen paid her only $225 of the purchase price and that said contract had been abandoned; that there appeared of record a deed from plaintiff to said Hampton for said real estate; that she never executed such deed, that her purported signature thereto was a forgery and that said deed was void; that there appeared of record a deed for said real estate from Hampton to defendant Skillen, a mortgage from the latter to defendant bank, an assignment thereof from the bank to defendant Kennedy, and a sheriff's deed to defendant Kennedy had by him on foreclosure of such mortgage; that all of said instruments were void and that all defendants had notice and knowledge of the collusion and fraud of defendants Hampton and Kennedy in obtaining the deed from plaintiff to Hampton; that plaintiff had been, at all times referred to, in possession of the real estate; and that all of said instruments ought to be cancelled as clouds upon her title. Defendants Hampton, Skillen, and the bank answered by general denial. Defendant Kennedy pleaded his sheriff's deed and that he was an innocent purchaser at the foreclosure sale without notice of any fraud. Trial was to the court without the intervention of a jury, resulting in a general finding and judgment for defendants. Plaintiff in error appeals, assigning that the court erred in refusing to admit certain evidence offered by plaintiff.

1. This being an action of equitable cognizance, unless the findings of the trial court are clearly against the weight of the evidence, they cannot be disturbed. Potter et al. v. Ertel, 80 Okla. 67, 194 Pac. 201.

Defendants introduced in evidence one paid check for $850 to the order of plaintiff and endorsed by her, and another check for $1,000 in the same condition. Thereby defendants Skillen and Hampton claimed to have paid plaintiff $1,850. Plaintiff admitted the endorsement on said two checks and that she had cashed the same, but claimed

that said checks were only for $100 each at the time they were paid to her by the bank, and that defendants had thereafter raised said checks to said respective amounts. She also admitted having received $125, from said defendants, thereby admitting a total payment to her of $325. Defendants Hampton and Skillen claimed thereby total payments of $1,975. There was positive testimony on behalf of defendants that said two checks showed no evidence of having been raised as to the amounts thereof, or altered in any manner. The two admitted signatures of plaintiff shown in the endorsements of said two checks, and the admitted signature of plaintiff to the original contract were compared by witnesses with the purported signature of plaintiff to said original deed from plaintiff to Hampton. The findings and judgment of the court on these issues are not clearly against the weight of the evidence, and said first assignment of error is, therefore, not well taken.

Said payments of $1,975 were made by defendant Skillen. He did not claim that he had paid any of the balance of the $4,000. He undertook to testify that defendant Hampton had paid such balance. However, this testimony was hearsay and stricken by the court as incompetent. The defendant Hampton did not testify. There is no evidence that the balance of such purchase price was paid to the plaintiff. The record does not show very good faith on the part of either the plaintiff or the defendants Hampton and Skillen to carry out the contract. The plaintiff knew in 1914 that said real estate was transferred for assessment purposes to some one other than herself when she attempted to pay taxes thereon. She did not attempt to pay taxes after 1913, and the evidence shows, also, conduct on her part inconsistent with her claim of absolute ownership. On the other hand, defendants Skillen and Hampton seemed to have planned to pay for this land in installments at their own option, the evidence, however, showing that the title was considerably involved. Under fundamental principles of equity, the plaintiff is entitled to judgment against defendants Hampton and Skillen for the balance of said $4,000 above the $1,975 paid, together with six per cent interest thereon from the time same was due.

2. The trial court refused to admit in evidence a contract between one Ethel Merrill for the sale of her lands to defendants Hampton and Skillen, containing practically the same terms as the contract between plaintiff and said defendants, and also certain checks given by said defendants to said Merrill. Plaintiff offered to show in connection therewith that said defendants had been sued by said Merrill on such contract on the grounds of fraud and forgery and other representations, and that judgment had been obtained against them accordingly on such allegations. A charge of fraud in a particular transaction cannot be proved by evidence of other and independent frauds of the party charged, although in a similar transaction, unless is appears that there is such a connection between the transactions as to authorize the inference that the frauds are both parts of a general scheme or purpose to defraud. 27 C. J. 61. The plaintiff did not allege in her petition a general scheme on the part of defendants Hampton and Skillen to defraud, nor any connection between the transactions in the instant case and the transactions in the Merrill matter as a basis for such proffered testimony, nor is the evidence in connection with the proffered testimony, sufficient to connect the same in point of time and place or otherwise with or to constitute a general scheme or purpose to defraud. Said second assignment of error is not tenable.

3. The 110 acres of real estate in controversy is located in about six different tracts in four different sections. The evidence shows that the same was not fenced, there being no houses thereon—no one actually residing thereon. The evidence shows that from the time plaintiff conveyed said land to Hampton in 1913 until about the time this suit was filed, plaintiff leased some of the land to be farmed to oats, receiving the rents therefor, and also crop rent for some of the meadow, and received some small amounts in cash as royalty from some small oil wells thereon; that defendants, or some of them, during said time received crop rent for some of the land and small amounts as royalty from some oil wells thereon. Defendant Kennedy, at the time of receiving his sheriff's deed, paid delinquent taxes on said land since 1913; Plaintiff contends that defendant Kennedy, was bound to take notice that she was in possession of said real estate at the time he purchased said mortgage and foreclosed the same and received the sheriff's deed for said real estate. In such foreclosure, plaintiff was not a party.

A purchaser of land takes the same with notice of whatever rights or interests that are owned by the one in possession of said land. Hodges v. Simpson et al., 89 Okla. 80, 213 Pac. 737; Wilkinson et al. v. Stone et al., 82 Okla. 296, 200 Pac. 196. Holding as we do, that said deed from plaintiff to Hampton was valid, plaintiff did not own any rights or interests in said real estate and was not a necessary party to such foreclosure proceedings in Kennedy's suit. Plaintiff having no rights therein, it cannot be said that defendant Kennedy was not an innocent purchaser of said real estate on the grounds alleged.

This cause is remanded with these directions: Let judgment herein be rendered in favor of plaintiff and against the defendants Hampton and Skillen for the balance

of $4,000 purchase price of said land above the $1,975 paid, together with six per cent. interest thereon from the time same was due, and as so modified let the judgment herein be otherwise affirmed with costs taxed to defendants Hampton and Skillen.

By the Court: It is so, ordered.