## J. S. HOFFMAN, Inc., v. PALMER et al.

No. 25508.    May 21, 1935.

Rehearing Denied July 16, 1935.

Priest & Belisle, for plaintiff in error.

Gill & Caldwell, for defendants in error.

PER CURIAM. Plaintiff in error ,will hereinafter be designated as defendant. Defendant in error will hereinafter be designated as plaintiff.

Plaintiff sues the defendants for damages, and says that on the 25th day of June, 1932, while the plaintiff was the owner of and in possession of a Ford sport roadster, the defendants, claiming thereon a mortgage, stopped plaintiff in company with his wife, on the public highway between Edmond, Okla., and Guthrie, Okla., and demanded delivery of the car to the defendants immediately, and when plaintiff refused| to deliver the car defendants stated that they would call the sheriff at once and have plaintiff arrested; plaintiff then told defendants he would let them have the car if they would permit him and his wife to continue to Guthrie and get groceries, and return with the groceries to the home of plaintiff east of Edmond, Okla.; that the defendants agreed to this arrangement on condition that they would be permitted to accompany plaintiff and his wife home, and guard the car, and defendants did accompany plaintiff to Guthrie, Okla., and on the return of the plaintiff to his home plaintiff turned the car over to the defendants, believing the threats made by them; that defendants took the car, and left with it, together with three one-half gallon cans of oil, a set of tire chains, a half gallon of kerosene, and a pillow, which property defendants converted to their own use, and that the value of the car so converted was $500.

Plaintiff stated that the conduct and acts of defendants were oppressive and malicious, and in utter disregard of plaintiff's rights, and that by reason thereof plaintiff asked punitive damages in the sum of $2,-000.

Defendants answered that they had a chattel mortgage on the car; that the indebtedness secured thereby was in default and owing and unpaid, and that they were entitled to the possession of the car from plaintiff. A copy of the note and mortgage was attached to the answer. They admit that on the 25th day of June, 1932, they obtained possession of the automobile, but say that said possession was obtained in a lawful and peaceable manner and that the car was voluntarily surrendered to them by plaintiff. They deny that any threats were made by them or any one acting for them, and deny that they received or obtained any property other than the Ford car, and denied specifically that they had acted toward plaintiff in an oppressive and malicious manner.

To the answer of the defendant plaintiff filed a reply denying all allegations in defendants' answer inconsistent with the allegations contained in plaintiff's petition.

On the 2nd day of October, 1933, the cause was tried before a jury, and nine of said jurors returned a verdict in favor of the plaintiff, R. C. Palmer, against the defendant, J. S. Hoffman, Inc., a corporation, which, omitting the caption and the signatures, is as follows:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oaths, find for the plaintiff and fix the amount of his recovery at $_____ actual damages and the amount of $414.39 court costs and attorney fees, punitive damages, against the defendant, J. S. Hoffman, Inc., a corporation.

"Four hundred fourteen dollars 39/100 Court costs and attorney's fees."

Plaintiff in error, J. S. Hoffman, Inc., a corporation, complained of this verdict.

First. Because it is void on its face.

Second. Because the verdict is excessive and appears to have been given under the influence of passion or prejud'ce.

Third. Error in the assessment of the amount of recovery in that the amount of recovery allowed by the jury is entirely for punitive damages, and that said jury allowed no recovery for actual damages.

Fourth. Error in the assessment of the amount of recovery in that there was no evidence fixing the value of the property in controversy in excess of $350.

Fifth. That the verdict of the jury is not sustained by sufficient evidence.

Sixth. That there is no evidence to support the verdict of the jury.

Seventh. That the verdict is contrary to and in disregard of the court's instructions.

The record discloses that plaintiff was

his own sole witness. There were four witnesses for the defendants. The jury heard the evidence and believed the plaintiff instead of the defendants, and returned their verdict for plaintiff. The trial judge heard the witnesses and had an opportunity to judge them while testifying. In overruling the motion for a new trial, the trial judge approved the verdict of the jury.

It is settled by an unbroken line of authority that where there is any evidence reasonably tending to support the verdict of the jury, the verdict will not be disturbed by the appellate court on appeal.

The verdict of the jury is not in good form. If a valid verdict, it must be considered a lump sum verdict, including both actual and punitive damages. The defendant was present in court at the time this verdict was returned, and made no objection to its form. It is our judgment that the verdict of the jury is a lump sum verdict, and that it is irregular and not void, and that by reason of defendant's failure to object to its form timely, the mouth of defendant is now closed.

It is true that oppression or malicious acts of the agent are never imputed to the principal, unless such actions were authorized by or approved by the principal after the commission thereof.

In this case, however, Lee Callicotte, agent of defendant, J. S. Hoffman, Inc., gave the following testimony:

"Q. You went out with the intention of either getting the money or getting the car? A. That was my instructions from the office, yes, sir."

J. S. Hoffman, president of the corporation, was present in court, and testified. He did not at any time repudiate the act of his agent. He did not qualify in any way the above testimony of his agent. From the record in this case, we are of the opinion and find that the agent was acting within his instructions.

We have examined the instructions and do not find any merit in the assignment of error:

"That the verdict is contrary to and in disregard of the court's instructions."

There is no substantial error in the record, and the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys B. F. Davis, R. S. Norvell, and Louis A. Ledbetter in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davis, and approved by Mr. Norvell and Mr. Ledbetter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.