SCHUMAN et al. v. CHATMAN.

No. 28303.    Nov. 29, 1938.

Rehearing Denied Jan. 24, 1939.

Fred W. Martin, for plaintiffs in error.

Howard S. Keagy, for defendant in error.

DAVISON, J. This cause originated in the district court of Okmulgee county. It was instituted on the 19th day of November, 1936, by Alma Chatman, as plaintiff, against Morris Schuman and W. H. Lancaster, as defendants, to recover the sum of $10,000 as actual and punitive damages for alleged wrongful eviction under asserted authority of a writ issued at the conclusion of a forcible entry and detainer action.

On trial of the cause to a jury, the plaintiff prevailed. The defendants present the cause to this court on appeal appearing herein as plaintiffs in error. We shall continue to refer to the parties by their trial court designation.

The plaintiff, Alma Chatman, was not a party to the forcible entry and detainer action. She did, however, occupy the premises. Her occupancy is explained by the fact that the property was formerly owned by her mother, who died some time prior to the filing of the forcible entry and detainer action, leaving as her heirs the plaintiff and three other children. Betty was one of them. Prior to the filing of the forcible entry and detainer action, Betty had married, becoming Betty Smith, and had moved from the premises.

The defendant Schuman, in attempting to obtain possession of the premises under his claim of tax deed, named Betty Smith as the defendant, although she no longer occupied the premises. His judgment was against her and the writ authorized her eviction.

We are not here concerned with the propriety of the remedy selected by the defendant for the assertion of his alleged rights under the tax deed nor with the question of whether the judgment was subject to collateral attack by Betty Smith. The judgment was not binding on the plaintiff, Alma Chatman, if, as her evidence established, she and not her sister, Betty, was in reality the occupant of the property. This for the reason that Alma was not a party to the forcible entry and detainer action.

The record reveals that in connection with the prosecution of the forcible entry and detainer action Schuman acted through an agent, Cohen, who accompanied the defendant Lancaster, a constable, when the eviction was accomplished. According to plaintiff's evidence, both were informed that the plaintiff, Alma, and not her sister, Betty, was in possession of the premises. Notwithstanding this information, the eviction was carried out. Thereafter, Cohen placed a no trespassing sign on the premises in Schuman's name.

The plaintiff's claim for $10,000 was divided. She sought $15 actual and $9,985 punitive damages. The jury upon the trial of the cause returned the following verdict:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oath, find for the plaintiff and against the following named defendants: Morris Schuman, $266.67, W. H. Lancaster, $10.45. We fix the amount of plaintiff's recovery at $10.45 as actual damages, and $266.67 punitive damages."

This verdict was received in the presence of defendant's counsel without objection on his part and the jury was discharged. Thereafter judgment was rendered on the verdict as follows (omitting formal parts):

"It is therefore ordered adjudged and decreed by the court that the plaintiff, Alma Chatman, have and recover from the defendant, Morris Schuman, a judgment in both punitive and actual damages in the sum of $266.67, and have and recover from the defendant, W. H. (Henry) Lancaster, a judgment in both punitive and actual damages in the sum of $10.45."

The defendants challenged the verdict by motion for judgment notwithstanding the verdict and by motion for new trial. Literally the verdict is objectionable in two particulars. First, it purports to assess punitive damages against the defendant Schuman without the assessment of any amount of actual damages against him, and second, it apportions damages between tort-feasors. Both of the defects, however, go to the form of the verdict rather than its

substance, and in order to be available as reversible error, objection should have been made to the receipt of the verdict in order that the trial court might have resubmitted the matter to the jury for reconsideration upon the objectionable points. It is the policy of the law to settle controversies and not to prolong them. The litigants themselves must assume a measure of responsibility in connection with the accomplishment of this purpose. It is not proper for a party to sit idly by while a verdict erroneous in form is being returned and witness its receipt without objection and later, after the jury has been discharged, claim advantage of the error, thus invited by acquiescence.

In this jurisdiction provision is made by statute for the correction of a verdict erroneous in form. See section 368, O. S. 1931.

Section 586, title 12, Okla. St. Ann., provides in part:

"* * * If, however, the verdict be defective in form only, the same may, with the assent of the jury, before they are discharged, be corrected by the court. (R. L. 1910, sec. 5011.)"

As we have noted, the verdict now before us was defective in two particulars. Confusion of thought will be avoided by the separate consideration of the two defects.

The verdict on its face labeled the amount of recovery against the defendant Schuman as punitive damages without specifying any sum or portion of the sum as actual damages. If accepted in its literal sense, the verdict was in this respect axiomatically erroneous, for punitive damages cannot be awarded against a tort-feasor in the absence of an award for actual damages, and the jury was so instructed in this case. But timely objection was not made to this defect. In the case of J. S. Hoffman, Inc., v. Palmer, 173 Okla. 249, 47 P.2d 88, this court considered a question of identical import. There the amount of recovery as fixed by the jury was identified in the verdict as "court cost, attorney fees (and) punitive damages," no amount being inserted as actual or compensatory damages. We held that the defect in the verdict was one of form, and that, since it was received in the presence of counsel without objection, the defect in form was waived and the sum specified was properly treated as a general verdict for the amount stated and deemed to include actual damages. As we have seen from the judgment rendered in this case, similar treatment was accorded the verdict in the judgment rendered by the trial court. Incidentally, the opinion in the cited case points out that the jury in that case was not specifically instructed to separate compensatory and punitive damages. An examination of the instructions in this case discloses the same absence of specific direction on the point. The cited case controls the question under consideration. See, also, Jabara v. Elbinger Shoe Mfg. Co., 98 Okla. 85, 224 P. 333; Raible v. Yawman, etc., 93 Okla. 168, 220 P. 463; Ford v. Hall, 174 Okla. 100, 50 P.2d 291; Crisp v. Gillespey, Sheriff, 50 Okla. 541, 151 P. 196.

We shall next consider the improper action of the jury in apportioning the damages between the joint tort-feasors. Admittedly it was improper for the jury to have attempted the apportionment. Such a verdict should not be reversed. It should have been returned to the jury for amendment or correction. However, in this case it was received and no objection to its receipt made. In this state such verdicts are not void even where, as in this case, a sum in gross is not assessed against both defendants. This court may by appropriate disposition cure the error even though timely objection to the receipt of the verdict has been made. Whitney v. Tuttle, 178 Okla. 170, 62 P.2d 508. Certainly, then, a new trial should not be granted where, as in this case, the verdict has been received without objection. Indeed, the absence of such objection relieves the court of the responsibility of attempting by reformation to preserve a right which a party did not at the appropriate time deem of sufficient moment to warrant an objection. The judgment of the trial court in this case will not be disturbed by reason of the form of the verdict upon which it is based.

Complaint is also made in this case by the defendant Schuman that no item or element of punitive damages was allowable against him. The question was properly preserved for review.

It is asserted that, measured by the rule limiting the cases in which punitive damages can be allowed, the case at bar is excluded. Section 9962, O. S. 1931, as interpreted and applied by this court, governs this point. It provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may

give damages for the sake of example, and by way of punishing the defendant."

It has been repeatedly held by us that in order to warrant an award of exemplary damages the proof must establish some element of fraud, oppression, or malice. However, we have taken cognizance of the existence in the statute of the word "presumed," and upon consideration of its meaning and purport have likewise held that the fraud, malice, or oppression may be inferred from acts constituting such gross negligence as to warrant the inference of or be deemed equivalent to an evil intent. Firebaugh v. Gunther, Ex'r, 106 Okla. 131, 233 P. 460; Williams v. Baldrey, 52 Okla. 126, 152 P. 814.

The jury in this case was instructed upon the point in a manner more favorable to the defendant than the law requires, and we think the evidence sufficient to support its finding. The wrongful eviction was accomplished after the participants became fully aware that they were proceeding under a writ which did not run against the occupant of the premises. Personal rights involving the occupancy of the home are of peculiar significance in our civilization. The willful or wanton infringement of those rights strongly appeals to the tenets of our jurisprudence. The judgment of the trial court will not be disturbed upon consideration of this complaint.

It is likewise urged that the defendant Schuman cannot be held for exemplary damages because he acted through an agent and did not personally participate in the wrong or ratify the conduct of the agent. This argument is untenable upon consideration of Holmes v. Chadwell, 169 Okla. 191, 36 P.2d 499, where this court said:

"It is argued that a recovery cannot be had against the master for punitive or exemplary damages arising through the fraudulent representations of the servant or agent unless the master participates in the wrong or ratifies the conduct of the servant or agent. This position finds some support in the authorities from other states, but is contrary to the settled doctrine of this jurisdiction."

See, also, Ft. Smith & W. R. Co. v. Ford, 34 Okla. 575, 126 P. 745; Federal Nat. Bank et al. v. McDonald, 129 Okla. 75, 263 P. 105.

The defendant Schuman's next complaint is directed at the refusal of the trial court to submit to the jury his requested instruction to the effect that forcible entry and detainer is an appropriate and available remedy to enable a tax deed claimant to obtain possession of property occupied by one claiming under the former record owner regardless of the previous nonexistence of the relationship of landlord and tenant. As previously mentioned in this opinion, we deem it unnecessary to discuss the propriety of the remedy chosen by the defendant Schuman, for the reason that he failed to prevail in this case because he was found to have selected the wrong party as defendant. In any event, the judgment was not binding on the plaintiff herein. The requested instruction was properly refused.

The defendant's next complaint is directed at the trial court's refusal to dismiss the cause for want of proper parties plaintiff when it developed that some of the articles of furniture in the house were partly owned by others than the plaintiff. The contention is without merit, since the gravamen of this action is the trespass involved in this wrongful eviction. The possession or occupancy thus involved and wrongfully interrupted rested solely in the plaintiff.

The defendant evolved a theory of estoppel in an endeavor to make the forcible entry and detainer judgment binding upon the plaintiff herein. This theory was embodied in a requested instruction, which the trial court refused to give. In support of his contention that the refusal to give this instruction constituted error, a number of authorities are cited by defendant containing general language to the effect that the trial court was bound to submit any theory of defense supported by the evidence. The rule is not that broad. A trial court is not bound to submit an untenable theory. The defendant fails to support his argument by the citation of authorities demonstrating the soundness of the theory, the substance of which is that the justice court in the forcible entry and detainer action was vested with jurisdiction over Alma Chatman by estoppel. The presumption in this court is that the rulings of the trial court were correct, therefore "assignments of error presented by counsel in their brief if unsupported by authority will not be noticed upon appeal unless it is apparent without further research that they are well taken." Drum Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168 Okla. 400, 31 P.2d 843.

Complaint is also made of the failure of the trial court to give a requested instruction on the theory that Betty Smith was

the head of the family and in possession of the premises. The record discloses that this theory of defense was fairly covered in the instructions given.

A careful review of the record in this case convinces us that reversible error was not committed by the trial court. The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur. RILEY, PHELPS, WELCH, and GIBSON, JJ., absent.