STATE FINANCE SERVICE et al.
v. MULLINS.

No. 30454. March 7, 1944.

147 P. 2d 159.

Frank Hickman, of Tulsa, for plaintiffs in error.

J. B. Coppedge and R. R. Linker, both of Tulsa, and Ad V. Coppedge, of Grove, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Tulsa county. In that court, A. A. Mullins was plaintiff and Roy Smith, Fred Smith, and H. V. Marr, alleged to be doing a money lending business under the name of the State Finance Service, were defendants.

In his third amended petition the plaintiff included three separate causes of action.

. In his first cause of action the plaintiff alleged in substance the payment of $100 usurious interest on a previous loan of money made to him by the defendants, and that such loan and interest charge was made pursuant to a conspiracy existing among the above-named defendants to loan money within the State of Oklahoma at usurious rates of interest.

On this cause of action plaintiff sought to recover from all of the defendants $200, representing double the amount of the alleged usurious interest asserted to have been paid, plus a reasonable attorney's fee to be fixed by the court.

In the second cause of action plaintiff asserted that in connection with the usurious transactions mentioned in the first cause of action defendants had obtained and were in possession of certain

notes and assignments of wages executed by plaintiff which were tainted with usury and uncollectible. Plaintiff sought a decree of the court canceling such instruments, but made no request for pecuniary relief.

The gist of plaintiff's third cause of action was that the defendants, acting through H. V. Marr and Fred Smith, committed an assault and battery upon the plaintiff in connection with their efforts to press the collection of usurious claims. In connection with this cause of action plaintiff sought judgment for $10,000 actual damages and $10,000 punitive damages.

The sufficiency of the petition as a whole and of each of the three separate causes of action was separately challenged by demurrers in the trial court by each of the defendants on the theory that insufficient facts were stated to constitute a cause of action. The demurrers were overruled.

No demurrer was presented to the trial court on the theory of misjoinder of causes of action under the 5th subdivision of 12 O. S. 1941 § 267.

There is some discussion in the briefs before us bearing upon the question of whether the causes of action in plaintiff's petition were properly joined. In view of the failure to properly present that question in the trial court, it is not subject to consideration in this court on appeal. We therefore express no opinion on the point.

After the demurrers had been overruled, each of the three individual defendants filed a separate answer, to which replies were filed by this plaintiff. Issues were thus joined on the merits.

When the cause was tried a jury was impaneled to try the issues of fact connected with the first and third causes of action.

The trial court withheld from the jury the issues connected with the second cause of action relating to the cancellation of instruments, and at the conclusion of the trial decided those issues in favor of the plaintiff. This action of the trial court was evidently on the theory that the second cause of action—being for the cancellation of instruments—was one of equitable cognizance in which the parties were not entitled to a jury trial.

In presenting the case on appeal the defendants, as plaintiffs in error herein, do not complain of the trial court's disposition of the second cause of action.

At the conclusion of the trial, two verdicts were returned by the jury; one was intended to determine the first cause of action; the other, the third cause of action. Both verdicts were unfavorable to the defendants. Judgment was rendered on the verdict against the defendants. The trial court also entered judgment for $150 attorney's fees.

In presenting the case on appeal the defendants, as plaintiffs in error, jointly complain of the judgment on the verdicts.

The verdict, which the parties agree in their briefs was identified with the first cause of action, was in the following form:

"We, the jury impaneled and sworn in the above entitled cause, do upon our oaths, find the issues for the plaintiff and against the defendants Roy Smith, Fred Smith, H. V. Marr and the State Finance Service, and fix the amount of his recovery at $     Cancel Note, as actual damages, and $125.00 as punitive damages."

The defendants assert and the plaintiff admits that the form of the verdict was defective.

Plaintiff asserts in substance, however, that timely objection to the form of the verdict was not made by objection to its receipt at the time it was returned into court by the jury. Defects in the form of a verdict may be excused on the theory of waiver when timely objection is not made. Schuman v. Chatman, 184 Okla. 224, 86 P. 2d 615; J. S. Hoffman, Inc., v. Palmer, 173 Okla. 249,

47 P. 2d 88. The record does not support plaintiff's position as to the absence of timely objection. The journal entry of judgment contains a finding and recitation that such objection was made. We quote:

" . . . The defendants jointly and severally objected and excepted to the form of each of said verdicts and to the receiving and recording of the same by the court, and exceptions were duly allowed the defendants and each of them. . . . "

Plaintiff asserts that as a matter of fact counsel for defendants was not present when the verdicts were received and could not have objected. This assertion conflicts with the record before us and cannot be accepted.

The verdict connected with the first cause of action was defective in two particulars. It directed a cancellation of the notes, thus undertaking to dispose of the second cause of action, which had not been submitted to the jury. This feature of the verdict was not harmful to the defendants since the direction by the jury corresponded to the independent adjudication on the second cause of action by the trial court. However, it indicates that the jury may have been confused as to the issues submitted to it and the character of relief it was authorized to award on the first cause of action. This indicated confusion emphasizes the second error in the verdict wherein the sum of $125 was awarded as punitive damages, when the cause of action sought recovery of double the amount of usurious interest paid. 15 O. S. 1941 § 267.

The verdict for the sum described therein as "punitive damages" could have been treated by the trial court as a general verdict for the sum stated if timely objection to its form had not been made (Schuman v. Chatman, supra). However, such objection was made in this case. The trial court therefore erred in not ascertaining before the jury was discharged whether it would assent to the change in form. 12 O. S. 1941 § 586. The error requires reversal of the judgment as to the first cause of action.

The allowance of attorney's fees contained in the judgment follows the first cause of action since such allowance is based upon 15 O. S. 1941 § 268.

Upon the third cause of action, for assault, the jury returned a verdict for $250 actual and $250 punitive damages against the defendants Fred Smith and H. V. Marr.

In that connection the defendants herein contend:

"The judgment on the third cause of action is contrary to law because it is a joint and several judgment against two alleged joint tort-feasors not acting in concert and not responsible under the doctrine of respondeat superior.

"There being a total failure of proof of conspiracy, and no agency being claimed, the acts of one of the defendants are not chargeable to the other."

As to the defendant Fred Smith, there is competent evidence of physical assault and violence upon the person of plaintiff and physical injury and damage to his person. The evidence on this cause of action is of doubtful sufficiency as to the defendant Marr. However, an examination of the petition in error discloses that the assignments of error therein contained are joint and presented jointly by the several defendants. Marr presents no separate assignment of error on this feature of the case. A separate assignment of error is necessary by one of several defendants who urges that as to him evidence is insufficient to warrant recovery. Clark v. Sloan, 169 Okla. 347, 37 P. 2d 263. Joint assignments of error are not available unless good as to all who join therein. Pharoah v. Beugler, 172 Okla. 633, 45 P. 2d 1098.

The judgment of the trial court is affirmed as to the second and third causes of action and reversed for a new trial as to the first cause of action.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur.