LEA, Adm'x, v. AMERICAN NAT. BANK OF PRYOR CREEK.

No. 32896.   Oct. 14, 1947.

Rehearing Denied Nov. 10, 1947.

*186 P. 2d 321.*

John R. Woodard, of Tulsa, and Ernest R. Brown, of Pryor, for plaintiff in error.

R. A. Wilkerson, of Pryor, for defendant in error.

DAVISON, V.C.J.   This is an action by the American National Bank of

Pryor Creek, Oklahoma, a corporation, as plaintiff, upon a claim against the estate of K. C. Billings, deceased, which had been disallowed by the defendant, Beatrice Lea, administratrix of said estate, for foreclosure of a chattel mortgage, and for damages because of depreciation of the mortgaged property resulting from the defendant's improper care thereof.

After the death of K. C. Billings on Sept. 1, 1945, and after the appointment of the defendant herein as administratrix of said estate, plaintiff filed a claim with her for the payment of two promissory notes; one in the principal amount of $76 dated August 29, 1945, and one in the principal amount of $8,017 dated September 1, 1945, each of the same bearing interest at the rate of 10% per annum from maturity with attorney fees of 10% of the amount unpaid. The latter note was secured by chattel mortgage embracing among other things certain livestock and, in said mortgage, was contained an assignment of an insurance policy on the life of the mortgagor.

The claim was disallowed and this action filed. The petition is subdivided into four causes of action, namely: First cause of action for the amount due under both of the above promissory notes with interest and attorney fees; second cause of action for foreclosure of the above chattel mortgage; third cause of action for $1,000 damages to mortgaged property because of defendant's failure to properly care for and feed the same; and fourth cause of action for the application of the proceeds of the above life insurance policy to the payment of plaintiff's said debt.

The defendant filed a motion to separately state and number the causes of action based on the two separate promissory notes; a motion to strike the cause of action for damages; a motion to make more definite and certain by attaching a copy of the life insurance policy and by alleging whether or not there was a compliance with the terms thereof in the assignment; a general demurrer and a special demurrer for misjoinder of causes of action because of the inclusion of the claim for damages.

These motions and demurrer were overruled, and answer was filed containing a general denial and the affirmative allegations that the notes and mortgage were not signed by decedent, and if they bore his purported signature, it was a forgery. That, if the notes and mortgage were signed by decedent, they were signed in blank and the plaintiff filled them in without authority and without any consideration passing to the decedent. That it was customary for plaintiff to have its customers sign such blank notes in anticipation of future overdrafts and in payment of accumulated indebtedness which was later computed and the notes completed as to amount.

By agreement the mortgaged property was sold and the proceeds of the life insurance policy were, with the amount derived from said sale, impounded to await the action of the court. This eliminated the causes of action designated two and four in the petition.

A trial was had to a jury resulting in the following verdict:

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiff, and fix the amount of its recovery at $8,017.00."

In reply to special interrogatories, the jury found that the notes and mortgage were executed by deceased and delivered to plaintiff. Judgment was rendered upon the verdict for the above amount and for interest and attorney fees as provided in the note and mortgage. From this judgment, the defendant has appealed.

The first three propositions presented by appellant assail the action of the trial court in overruling the motions and demurrer. The verdict of the jury was in favor of the defendant upon the two causes of action allegedly improperly joined, which constituted the foundation

of these pleadings. There are only a few reported cases, none of them recent, dealing with such a situation. All of them are in accord and support the rule originally announced by the English Court in the case of Kightly v. Birch, 2 M & S 533, 105 Eng. Reprint 480 as follows:

"If there be a misjoinder of counts, and a verdict for the plaintiff on the counts well joined, and for the defendant on the others, the misjoinder is not a cause for arresting the judgment."

Thus, any error in the ruling of the trial court upon the motions and demurrer was, at most, harmless.

The defendant next complains of the rejection of the testimony of two witnesses to the effect that they had each signed notes in blank to the plaintiff with the understanding the amount was to be filled in later, but on some occasions the wrong amount was inserted. No proof was offered to connect these transactions, in any manner, with the ones here involved, nor that decedent signed these notes in blank. In Claggett v. Hampton et al., 94 Okla. 252, 221 P. 707, this court said:

" . . . A charge of fraud in a particular transaction cannot be proved by evidence of other and independent frauds of the party charged although in a similar transaction, unless it appears that there is such a connection between the transactions as to authorize the inference that the frauds are both parts of a general scheme or purpose to defraud . . . ."

Plaintiff proved all the essentials of its case by one witness and rested. Defendant now contends that most of plaintiff's testimony was introduced in rebuttal which was improper. This proposition needs little discussion when considered in the light of the fact that all defenses seriously urged were affirmative and, after plaintiff had proved the execution and delivery of the notes and mortgage, the burden of proof rested on the defendant. In rebuttal, then, the plaintiff could introduce such evidence as was deemed necessary to overcome the proof of defendant on affirmative allegations. As was said in Melton v. Schulte, 194 Okla. 639, 154 P. 2d 90:

"Either party is entitled to introduce evidence to rebut that of his adversary, and, where a party offers relevant testimony in rebuttal, even though it might properly have been offered in support of his case in chief it is not error to admit it, unless an abuse of judicial discretion is shown."

See, also, Tancred et al. v. Holuby et al., 124 Okla. 97, 254 P. 75.

The five succeeding assignments of error raise the propriety of the giving of one instruction and the refusal to give four others requested by defendant. The one given, to which objection was taken, and one of those requested and refused, deal with the execution of the $76 note upon which plaintiff did not recover. Defendant has no reason to complain of instructions given or refused upon an issue found in her favor by the jury. The other requested instructions, in so far as they were applicable or necessary, were given in substance. In the case of Melton v. Schulte, supra, the universally adopted rule of law is reiterated:

"It is not error to refuse to submit instructions to the jury where the instructions given reasonably and fairly present the issue in said cause."

The final point raised is that the trial court was in error in rendering judgment for plaintiff for interest and attorney fees over and above the amount of the verdict. It can be clearly seen from the verdict that the jury found for the plaintiff upon the promissory note in the principal amount of $8,017, which specifically provides for interest and attorney fees. The trial court was not only authorized to include attorney fees in the judgment but it was his duty to do so and had he failed, the duty would have devolved upon this court. Hope v. Gordon, 174 Okla. 368, 50 P. 2d 669. As to the inclusion of interest, the law is equally well settled:

". . . It is clear from the verdict that the jury did not allow any interest, and it is also clearly ascertainable from the uncontroverted facts the date from which interest should be allowed. Since the rate of interest is fixed in the note, the court should have made the computation and added the interest to the sum found in the verdict and the judgment should have been for the aggregate amount. . ." Wallingford et al. v. Alcorn, 75 Okla. 295, 183 P. 726.

The cause was fairly tried and presented to a jury under proper instructions and the judgment rendered is in conformity with the verdict which is amply supported by the evidence. Under such circumstances, the judgment will not be disturbed by this court on appeal.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.

Rehearing Denied Nov. 10, 1947.