## HALE v. LANDRITH.

No. 33310.   Nov. 16, 1948.

Rehearing Denied Jan. 18, 1949.

*201 P. 2d 914.*

Coffey & Coffey, of Tulsa, for plaintiff in error.

Gladys E. Friel, of Tulsa, for defendant in error.

CORN, J. Plaintiff, Thomas A. Landrith, Jr., brought this action in the justice court against defendant, M. M. Hale, to recover for collision damages to his automobile, alleged to have occurred as a result of defendant's negligence. Plaintiff had judgment in the justice court, and defendant appealed to the common pleas court, where the case was tried de novo upon the amended bill of particulars and defendant's answer and cross-petition.

Plaintiff alleged that on the afternoon of the accident he was driving south on Boston avenue in the city of Tulsa and stopped his car on the red traffic signal at the intersection of Boston avenue and Tenth street, parallel with the lines of traffic proceeding in the same direction. When the traffic signal changed plaintiff, together with other southbound traffic, proceeded into the intersection in a reasonable and careful manner; where defendent, traveling in a westerly direction at an excessive speed, entered into the intersection and struck the left front portion of plaintiff's car, causing damages for which plaintiff spent $206.19 to repair and for which he sought to recover $200. Negligence was alleged in that defendant drove into the intersection when the traffic signal was red, requiring westbound traffic to stop;

that defendant failed to yield the right of way to plaintiff after he entered the intersection prior to the time of defendant's entrance, and that defendant's acts were in violation of certain traffic regulations of the city of Tulsa, Okla., which plaintiff pleaded and relied upon.

Defendant answered by a general denial, admitting the happening of the collision but alleging same resulted solely from plaintiff's negligence in the operation of his car. By cross-petition defendant alleged he was proceeding west on Tenth street at a low speed and entered the intersection when the traffic signal gave him the right of way; that while properly in the intersection the signal changed and plaintiff carelessly and negligently drove his vehicle into the intersection and into defendant's car while defendant h a d the right of way, striking him and causing $125 damages to the car for which he asked judgment. Defendant likewise pleaded certain portions of the traffic code and plaintiff's violation of same and negligence thereby resulting. Each party substantiated his pleading by evidence reasonably tending to support the same.

After the conclusion of the evidence the jury returned a verdict for plaintiff and fixed the amount of recovery at $75. Neither party objected to the form of the verdict returned by the jury, and the jury was discharged. Defendant filed motion for new trial and within three days from rendition of the verdict the plaintiff filed what was styled "Motion to Correct and Amend Verdict," wherein it was pointed out that the uncontradicted evidence established plaintiff's damage as $200, but the judgment was only for $75, and asking that the verdict be amended and corrected by inserting $200 in the verdict so. returned, thus amending and correcting the same to allow plaintiff recovery of the full amount of damages shown by plaintiff's evidence. After a further hearing the trial court concluded that he had authority to so. amend

the verdict and sustained plaintiff's motion. Thereafter the trial court rendered judgment for plaintiff, setting forth in the journal entry of judgment that the undisputed evidence was that plaintiff was damaged $200, and that while the verdict rendered was correct in form there was error in assessment of the amount of recovery and that the verdict was amended in this respect, and rendered judgment for plaintiff upon the "corrected" verdict.

The only assignment of error necessary for a determination of this case is, that the trial court erred in entering a judgment at variance with, and in an amount greater than, the verdict of the jury. Briefly, the question is whether, after a jury returns a verdict which is not objected to by either party before the jury is discharged, a t r i a l court has the right or authority to amend or correct such verdict by entering a judgment for damages in an amount greater than that found by the jury, although the evidence as to the amount of damages is undisputed.

To support the authority of the trial court to take such action, the plaintiff cites 64 C. J., Trial, section 899, and certain cases from this court. Myers v. Hubbard et al., 80 Okla. 97, 194 P. 433; Aetna Building & Loan Ass'n v. McCarty, 78 Okla. 187, 189 P. 357; Schuman et al. v. Chatman, 184 Okla. 224, 86 P. 2d 615; State Finance Service et al. v. Mullins, 193 Okla. 688, 147 P. 2d 159; Lea, Adm'x, v. American Nat. Bank, etc., 199 Okla. 360, 186 P. 2d 321. Consideration of these cases will show that each is distinguishable from the present case. The rule urged by plaintiff that the court may make the judgment speak the manifest intention of the jury is applied in cases of liquidated claims where the jury returns a verdict but fails to make the proper computation and the deficiency can be supplied by mathematical calculation.

Plaintiff also cites and relies upon Apperson-Lee Motor Co., Inc., v. Ring, 150 Va. 283, 143 S. E. 694; in which

case the rule contended for by plaintiff was applied. However, it is to be noted that the Virginia Code (section 6251) has a specific provision under which the trial court may refuse a motion for new trial in such instances and fix the amount of damages, where the jury already has determined the issue of liability, in the amount shown by the evidence.

In the present case the jury was to determine two issues of fact. One was the matter of liability based upon defendant's alleged negligence. Having found defendant negligent, thus fixing liability, it remained for the jury to fix the amount of plaintiff's damage. The evidence upon this issue was the testimony of plaintiff as respected the damage, and the testimony of the repair man to the effect that all repairs made were necessitated by the collision, and that the charges made therefor were necessary and reasonable. While this testimony was uncontroverted, it was the province of the jury to determine, as an issue of fact, the amount plaintiff was entitled to recover.

The jury was not bound to accept as true the witness's testimony as to the nature of reasonableness of the charges, but they could give this testimony such weight as they saw fit, considering the circumstances a n d physical facts, or they could reject any or all of the testimony as sole judges of the value of the evidence and credibility of the witnesses. See Wray v. Ferris, 187 Okla. 428, 103 P. 2d 942, 128 A. L. R. 1079.

We have no statutory provision giving a trial court authority to change the verdict of a jury except 12 O. S. 1941 §586, providing that a verdict which is defective in form only may be corrected with the assent of the jury before they are discharged. The action taken by the trial court in the present case did not fall within either of the grounds mentioned by the statute. Since the question as to the amount of damages was exclusively for the jury, we conclude that the trial court erred in attempting to change the amount of the verdict rendered.

The judgment is reversed and the cause remanded, with directions to set aside the judgment entered by the trial court and to proceed consistent with the views herein expressed.