HAYES et al. v. MOORE et al.

No 33984.    March 10, 1953.

*254 P. 2d 773.*

Fred W. Whetsel and Bell & Tucker, McAlester, for plaintiffs in error.

Tom G. Haile, McAlester, for defendants in error.

ARNOLD, J.    This is an appeal from a judgment of the district court of Pittsburg county establishing a trust in certain real estate and quieting title thereto in the heirs of Lizzie Moore, deceased.

Lizzie Moore was enrolled as a full-blood member of the Choctaw Tribe. At some time prior to December, 1925, she was declared incompetent by the county court of Pittsburg county and one Kent V. Gay was appointed her guardian. She had first been married to one Sampson Moore, by whom she had two children and from whom she obtained a divorce. She then had one illegitimate child, then in 1924 married one Roy Moore, by whom she had four children. She died intestate in 1937 leaving surviving her her husband, Roy Moore, and her seven children.

In 1926 her guardian petitioned the Department of Interior for authority to invest $4,800 of the restricted funds of

Lizzie Moore held by it in 160 acres of land adjoining land owned by her so as to increase the number of tillable acres for her use. He also made application to the county court for authority to so invest said funds belonging to the incompetent. On January 7, 1926, the county judge entered his order finding that such investment was to the best interests of the ward, authorizing the purchase, and ordering that the guardian "take title in the name of the children of said Lizzie Moore." At the time of this order Lizzie Moore had four children, three legitimate and one illegitimate.

By successive steps thereafter taken through various Federal agencies having jurisdiction of the affairs of the Five Civilized Tribes, authority was procured for the withdrawal of $4,800 from her accumulated restricted funds to pay for this land. The deed executed and delivered in closing this transaction conveyed the fee title to the three legitimate children of Lizzie Moore, specifically naming them, instead of "in the name of the children of said Lizzie Moore", and reserve a life estate to said incompetent ward. After her death in 1937 administration proceedings were had upon her estate. This land was not administered as a part of her estate. Her heirs were determined to be her seven children and her surviving husband.

This action was commenced June 13, 1939, by her surviving husband, Roy Moore, and four of her children against Micey Hayes, nee Moore, Lillie Wallis, nee Moore, and A. B. Moore, a minor, grantees in the deed above mentioned, and Sam Brence, mortgagee of the interest of Micey Hayes in the land here involved, to establish a resulting trust in said land in favor of plaintiffs and to quiet the title of plaintiffs to an undivided one-eighth interest each therein. Decree for plaintiffs, and defendants appeal.

The essential question to be determined is whether either the county court or the Department of Interior had authority to take title to the land in question in the name of three of Lizzie Moore's children instead of in the name of Lizzie Moore. Plaintiffs below, defendants in error here, contend that said transaction created a resulting trust; that the consideration for the purchase was paid from the restricted funds of said Lizzie Moore; that she was the legal owner of said land at her death and title thereto passed to her husband and children under the laws of descent and distribution, each taking a one-eighth interest subject to the homestead rights of the husband and minor children. The defendants below, plaintiffs in error here, contend that this transaction constituted a gift from the Secretary of Interior out of the funds of Lizzie Moore to the grantees named in the deed, that Lizzie Moore consented to the gift and was competent to give her consent.

The order of the county court specifically found "that the purchase of said lands for said ward by said guardian is for the best interests of said ward," and directed that title thereto be taken "in the name of the children of said Lizzie Moore". This was not done. No evidence of any kind was presented showing that Lizzie Moore made any request in any form that her restricted funds be used to make a gift of land to three of her four minor children. In the absence of a request that such a gift be made, the gift in question stood as if made by the Secretary of the Interior on his own volition. This was beyond his authority.

Plaintiffs in error urge, however, that Lizzie Moore consented to such gift. They base this contention on the testimony of their witness John L. Fuller, a lawyer, who testified that the transaction was closed in his office and that he acted as notary in taking the acknowledgments of the grantors in the deed. He testified from memory to the details of this transaction which occurred in his presence more than 20 years prior to his becoming a witness. The material portion of his testimony was to the effect that Lizzie Moore understood and spoke English; that the purpose and effect of the deed were explained to her by Mr.

Wilkinson, field clerk for the Superintendent at Muskogee; that Mr. Wilkinson brought the purchase money check with him and delivered it to the seller and took the deed and left with it; that only the sellers of the land, Mr. Wilkinson, Lizzie Moore, and her guardian were present.

This testimony is in contradiction of the facts stated in the stipulation entered into by the parties as to who handled the details of closing the deal on behalf of the Department, who delivered the check in payment, and who took charge of the deed, and whom the department designated as its agent for these purposes.

Where a transfer of real property is made to one person and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made, 60 O.S. 1951 §137. This presumption may be overcome by evidence, but we find no such evidence in this record. Lizzie Moore was the legal owner of the land and at her death title thereto vested in her heirs.

Plaintiffs in error also urge error of the trial court in overruling the motion of Sam Brence, cross-petitioner, to dismiss plaintiff's petition because of the joint laches in filing and prosecution of the case on the part of plaintiffs and the other defendants than himself. This joint assignment of error is not common to nor does it similarly affect all parties to the petition in error and is not therefore available to all parties. Pharoah v. Buegler, 172 Okla. 633, 45 P. 2d 1098; State Finance Service v. Mullins, 193 Okla. 688, 147 P. 2d 159.

The last question raised is that of the right of Roy Moore, surviving husband, and the minor children to occupy this land as a homestead. The probate homestead right is a creature of law and not of judicial action. No decree of court is necessary to give validity to the homestead claim of a surviving spouse and minor children to continue in the possession and occupancy of the family home. See Hembree v. Magnolia Petroleum Co., 176 Okla. 524, 56 P. 2d 851.

Affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, O'NEAL, and BLACKBIRD, JJ., concur. WELCH, DAVISON, and WILLIAMS, JJ., dissent.