## UOP, INC.

### v.

## INFILCO DEGREMONT, INC.

### Civ. A. No. 77–0055–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 28, 1978.

---

John F. Kay, Jr., Clifford W. Perrin, Jr., Richmond, Va., for plaintiff.

Gilbert E. Schill, Jr., Harry L. Thompson, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

This is an action for breach of contract. Jurisdiction is founded upon 28 U.S.C. § 1332.

UOP, Inc., is the successor in interest to Gulf Oil Corporation which entered into a contract with Gulf-Degremont, Inc., (GDI) under which GDI would furnish a pre-treatment system for a reverse osmosis waste water treatment plant for the Bridgeport Brass Company in Bridgeport, Connecticut. Defendant Infilco Degremont, Inc., is the successor in interest to GDI.

UOP alleged that certain reverse osmosis modules which had been installed in the Bridgeport Brass plant were destroyed by particulate fouling when the pre-treatment system supplied by GDI permitted unacceptably high levels of turbidity to flow into the reverse osmosis system.

UOP brought suit against Infilco Degremont, alleging damages in the amount of $266,703.71. This figure included $158,-928.71 in "out-of-pocket" expenses incurred by UOP, plus $107,775.00 in profits lost as a result of the breach. The case was tried before a jury beginning 9 January 1978 and the jury returned a verdict for $79,464.35 —a figure equaling one-half of the expenses.

On 30 January 1978 plaintiff filed three post-trial motions. The first of these was a

motion for judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 50(b). The second was a motion to amend the judgment pursuant to Fed.R.Civ.P. 59(e) by adding the additional sum of $53,887.50 to the judgment for plaintiff. The third was a motion pursuant to Rule 59(e) to amend the judgment for plaintiff by including interest from the date the sum allegedly became due.

## I

█ In support of its first motion, plaintiff argues that once the liability of defendant is established reasonable men could not differ on the quantum of damages and there was no basis for any reduction in damages below the undisputed losses of $266,703.71. This argument is without substantial merit. The jury was presented evidence which would tend to show that some of the modules would have been fouled in the start-up procedure even without pre-treatment malfunction. Further, there was evidence from which the jury might have concluded that UOP failed to mitigate its damages and that UOP was itself responsible in part for the design flaw which caused the failure of the pre-treatment system. Therefore, the motion for judgment notwithstanding the verdict must be denied.

## II

Plaintiff's motion for the additur of $53,887.50 to its judgment is founded upon the observation that the amount awarded by the jury is exactly one-half of the amount claimed by UOP as costs and expenses incurred as a result of plaintiff's breach. Plaintiff argues that this means that the jury found the defendant responsible for one-half of plaintiff's difficulties. Because the amount of lost profits was not disputed and because there was no basis for the jury to exclude UOP's claim for lost profits in its award, plaintiff argues that one-half of the lost profits, or $53,887.50, must be added to the verdict of one-half the proven expenses.

The circumstances in which the Court may increase a jury verdict are strictly limited. The leading case on the subject is *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed.2d 603 (1935). In *Dimick* the Supreme Court held that, except in those cases in which the power to increase a jury verdict existed at common law in 1791, the Seventh Amendment right to trial by jury in civil cases is violated when a federal district court conditions the denial of a new trial upon the agreement of the defendant to increase the award of damages to a figure the court deems proper. The Supreme Court's examination of the common law revealed that the power to increase a verdict existed in 1791 only in cases of mayhem, upon a writ of inquiry, or "where the amount of plaintiff's demand was certain, as, for example, in an action of debt." 293 U.S. at 479, 55 S.Ct. at 298. This rule retains its vitality to the present day. *See Hawkes v. Ayers*, 537 F.2d 836 (5th Cir. 1976); 11 Wright & Miller, *Federal Practice and Procedure* § 2816 (1973).

*Dimick* was a personal injury case and the Supreme Court did not discuss its finding that increasing the verdict of the jury was permitted at common law where there was an undisputed sum certain as in an action of debt. But accepting the bare statement in *Dimick* that the power exists the Court's power in this case depends entirely upon whether or not this Court accepts plaintiff's contention that its claim for lost profits is a claim for a sum certain, essentially the same as an action of debt. In similar cases the authorities have not so held.

In *Haldane v. Town of Arcadia*, 70 Iowa 462, 30 N.W. 802 (1886) the plaintiff, a lawyer, claimed $450 for the value of legal services rendered defendant. There was no evidence at trial that the value of the services rendered was anything other than $450. The only defense offered at trial was that the claim had been compromised and settled. The jury returned a verdict for $150. The trial court rendered judgment for the full amount of the claim because the amount of plaintiff's claim was not disputed in the pleadings or at trial. The appellate court reversed, saying that even in the absence of disputed evidence or pleadings it

was incumbent upon the plaintiff to prove the value of the legal services, and the jury's verdict was based upon what they thought had been thus proven.

In *O'Brien v. Puget Sound Plywood, Inc.*, 23 Wash.2d 917, 165 P.2d 86 (1945) the plaintiff sued to recover damages for wrongful breach of an employment contract. The plaintiff showed that had he continued in employment for the contractual term he would have earned precisely $7,856.17. He further showed that in mitigation he had obtained other employment for which he had received $533.57. The jury returned a verdict of $1,800 and plaintiff moved for judgment notwithstanding the verdict for the difference in the amount of $7,322.60.

The appellate court upheld the trial court's denial of plaintiff's motion saying that the issue of mitigation of damages was presented to the jury by the instructions and the testimony of the plaintiff despite the failure of the defendant to contest the issue or introduce evidence in opposition.

In *Hale v. Landrith*, 201 Okl. 107, 201 P.2d 914 (1948) the uncontradicted evidence showed that the repairs to plaintiff's car necessitated by the accident cost $206.19. The jury returned a verdict for plaintiff and fixed his recovery at $75 which was the difference between the amount the plaintiff sued for and the amount of the defendant's prayer by cross-petition. The trial court sustained a motion to amend the verdict to $200. The appellate court reversed, saying that the jury was not bound to accept as true the uncontradicted and undisputed testimony as to the reasonableness of the charges, but could give that testimony such weight as it saw fit in assessing the amount of recovery.

In the present case the Court instructed the jury that the plaintiff was entitled to recover profits shown to have been lost on account of defendant's breach, if the jury found the defendant to have breached its contract. The Court's recollection of the evidence is that defendant did not seriously dispute the figures given by plaintiff's witnesses on lost profits but did cross-examine them as to the existence of a ready market for the modules and as to plaintiff's ability to increase its production so as to meet both its replacement requirements for Bridgeport Brass and the demands of its other and prospective customers. The cross-examination was not of any substantial significance and the evidence educed on increased production indicated that an unreasonable allocation of capital would have been necessary to meet the increased burden. Further, it was shown that the need for increased production would have to have been anticipated substantially before the need arose for the necessary adjustments to have been made.

█ Thus, the Court's view is that there is almost no logical basis upon which the jury could have found that plaintiff was not entitled to a recovery for lost profits. Nevertheless, the Court is bound to conclude that plaintiff failed to satisfy the jury that the market existed, or otherwise failed to prove the amount of the lost profit with reasonable certainty. It is possible that the jury was not satisfied with the figures or the calculations that underlay the profit figures which the plaintiff claimed, and in the absence of proof with a reasonable certainty they awarded no profit damages at all.

This conclusion is not satisfying to the Court because it is not logical. However, the Court believes that the Seventh Amendment and the Supreme Court's admonition in *Dimick* require that the jury's verdict not be altered by additur.

### III

The plaintiff has moved the Court pursuant to Fed.R.Civ.P. 59(e) to amend the judgment entered herein to include interest from a date in March, 1975, by which date all of plaintiff's damages had been sustained. This matter is governed by the law of New Jersey, which was expressed in *Jardine Estates v. Donna Brook Corp.*, 42 N.J.Super. 332, 126 A.2d 372 (1956):

[I]nterest should not be allowed where the damages are unliquidated and not

capable of ascertainment by mere computation, or where a serious and substantial controversy exists as to the amount due under a contract. [Citations omitted.] In the instant case we think interest should not have been added to the verdict. The issue of performance was justifiably and seriously in dispute. The amount due to the defendant could not have been readily ascertained . . . . [126 A.2d at 377.]

There can be no doubt but that a serious and substantial controversy existed in this case as to the amount due under the contract. The issue of liability *vel non* was seriously contested at trial, and the jury was presented with significant evidence on the failure of plaintiff to mitigate its damages. The jury's award was less than one-third of the amount demanded by plaintiff. It would not be reasonable to say that the damages in this case were capable of ascertainment by mere computation. Accordingly, the plaintiff's motion to amend the judgment to include interest must be denied.

An appropriate order shall issue.