## AUTRY v. FIRST NAT. BANK et al.

No. 17576. Opinion Filed March 27, 1928.

Rehearing Denied July 17, 1928.

(Syllabus.)

1. **Bills and Notes—Action Between Parties to Note—Failure of Consideration and Partial Failure as Defense.**

Absence or failure of consideration, in the absence of an estoppel, constitutes a good defense in an action between the original parties to a note, and partial failure of consideration is a defense pro tanto.

2. **Contracts—Written Contracts—Binding Effect as Made by Parties.**

Parties to a contract in writing are presumed to understand the plain provisions of their contract, and in the absence of fraud, mistake, or ambiguity, this court cannot read something into the contract that the parties themselves did not place therein. The rule is that competent parties make their own contracts and the courts will not make contracts for them, but will only enforce contracts which they themselves have made.

3. **Pleading—Judgment on Pleadings—Failure of Consideration as Defense to Notes —Judgment Reversed in Part.**

Record examined, and held, the trial court properly sustained defendants' motion for judgment on the pleadings as to all notes given by defendants as a consideration for real estate purchased from cross-petitioner by defendants, but that the court erred in sustaining said motion as to notes in the sum of $1,450 given as consideration for furniture so purchased.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the First National Bank of Wynona against John N. Harlow et al., in which G. E. Autry filed answer and cross-petition. Judgment for plaintiff on the principal cause of action, and in favor of other defendants as to the cross-petition of Autry, from which he appeals. Affirmed in part, and reversed in part, and remanded, with directions.

Hargis & Yarbrough and Frank E. Ransdell, for plaintiff in error.

Hamilton, Gross & Howard, for defendants in error.

MASON, V. C. J. The First National Bank of Wynona commenced this action against John N. Harlow and John N. Harlow, an incompetent, by his guardian, W. E. Browning, and against Vida Harlow upon a number of promissory notes executed by the Harlows in favor of G. E. Autry, which had been assigned by him to said bank as collateral security for certain promissory notes executed by said G. E. Autry and payable to said bank. Judgment was also sought against said defendants, as well as other defendants, foreclosing a real estate mortgage given to secure same. The other defendants were made parties because of the fact that they claimed liens of record against said real estate, but all of them have either disclaimed, or their interests were foreclosed in the trial court from which they have not appealed, and hence they have no interest in this appeal.

The plaintiff alleged that it was an innocent purchaser of said notes before maturity, and prayed judgment against the Harlows for a sum equal to the indebtedness due from Autry to said bank, and also prayed judgment for the use and benefit of Autry for the balance due on said notes.

G. E. Autry, upon motion of the defendants, was made a party defendant because of his interest in the result of the action, and he filed answer and cross-petition in which he adopted the allegations of the plaintiff's petition and prayed judgment against the defendants and in favor of the plaintiff bank for a sum equal to the amount due from him to the bank, and further prayed judgment in his favor for the balance due on said notes.

The defendants filed answer admitting the execution and delivery of said notes and mortgage to Autry. Several defenses were interposed, including alteration of said instruments and fraud, which are not involved in this appeal. Defendants then alleged that said notes and mortgage were given for the purchase price of certain described real estate; that Autry delivered to the defendants his warranty deed wherein he covenanted that said real estate was free and clear from all judgments, taxes, and incumbrances of whatever nature, except one certain mortgage in the sum of $2,000 given to the National Building & Loan Association of Pawhuska, which he agreed to pay. A copy of said warranty deed was attached to said answer. Defend-

ants then alleged that at the time of the delivery of said deed, said Building & Loan Association held two mortgages on said land, one for $2,000 and one for $2,500. It was also alleged that Autry failed to pay said mortgages when due and that they were duly foreclosed and the land sold, and the defendants evicted therefrom, and that, therefore, the consideration for said notes failed.

Autry filed reply in which he admitted that said notes and mortgage were made by the Harlows and delivered to him and that $8,500 of said notes represented the purchase price of real estate as alleged by defendants, and that $1,450 of said notes was the purchase price of certain furniture which he sold and delivered to the defendants which they still retained. He also alleged the execution of a contract between the Harlows and himself as a part of said transaction, and by the terms of which he contended he was under no obligation to pay the loans of the National Building & Loan Association until the Harlows had paid him on their notes. A copy of said contract was attached to his reply and the material portions thereof will hereinafter be set out.

When the case came on for trial, defendants filed motion for judgment on the pleadings. The court found from the pleadings that the bank was an innocent purchaser of said notes before maturity and rendered judgment in the bank's favor and against the Harlows for the amount of Autry's indebtedness to it. Said judgment has not been appealed from and has become final. Defendants' motion was sustained and judgment was rendered for the defendants and against the cross-petition of Autry for the balance of said notes, from which he has duly perfected his appeal.

The only parties to this appeal are the cross-petitioner, Autry, who will hereinafter be referred to as plaintiff, and the Harlows who will be designated as defendants.

For reversal, it is first urged that the allegations that Autry breached the covenant in his warranty deed concerning the removal of incumbrances on said property conveyed by him to the defendant John N. Harlow did not constitute a defense against the cross-petition. In support of this contention it is urged that the Harlows were bound to remove the said incumbrances before they could avail themselves of the breach of such covenant. The only authority cited in support of such contention is 15 Corpus Juris, 1924, par. 175. A casual reading of this paragraph discloses that it is not applicable here. If the Harlows had sought to recover from

Autry the amount of the incumbrances of the Building & Loan Association, then such authority would be applicable. In the instant case, however, the grantor was seeking to recover the purchase price, and the allegations of defendants' answer, which, for the purposes of this appeal are admitted, were that the incumbrances which the grantor had covenanted to remove had been foreclosed and the grantee had been evicted.

Counsel have not called our attention to any distinction which the courts have made, and we know of none, between actions wherein one party is defending against recovery of consideration by the other by reason of breach of covenant in warranty deed and those for breach of a contract generally. By the provisions of section 7698, C. O. S. 1921, absence or failure of consideration, in the absence of an estoppel, constitutes a good defense in an action between the original parties to a note, and partial failure of consideration is a defense pro tanto. Lindsay State Bank v. Forbis, 108 Okla. 126, 235 Pac. 470; Oilton State Bank v. Ross, 108 Okla. 24, 234 Pac. 567.

We think said allegations of the defendants' answer were sufficient to constitute a defense against that portion of the cross-petition based on notes given for said real estate.

It is next urged that the allegations of defendants' answer do not constitute a defense for the reason that the defendants in error are seeking a rescission of their contract and have failed to offer to restore to plaintiff in error the consideration received from him. Many cases, including Simmons v. Harris, 108 Okla. 189, 235 Pac. 508, and section 5079, C. O. S. 1921, are cited relative to the duties of one who seeks the rescission of a contract. The pleadings, however, disclose that the defense in this case is based solely on failure of consideration for the notes sued on by reason of plaintiff's breach of the covenants of warranty to remove the two mortgage incumbrances on the land conveyed by Autry to the Harlows. It is true fraud was alleged in the answer, but when it was denied by the reply, that issue was eliminated in considering the defendants' motion for judgment on the pleadings. We, therefore, see no merit in the second contention of the plaintiff in error.

The third contention is that the defendants' answer failed to state a defense because there is no allegation therein that the defendant John N. Harlow had paid the taxes on said land for the year 1921, and further fails to allege that the foreclosure of the real estate mortgages by the National Building & Loan Association was not rendered possible and brought about by such default. A copy of the warranty deed from Autry to John N. Harlow is attached to the defendants' answer, and it does provide that the grantee assumes and agrees to pay the 1921 taxes on said land. Therefore, there might be some merit in plaintiff's contention if it were not for copies of the journal entries of judgment rendered by the court for the foreclosure of these two mortgages, which are also made a part of defendants' answer. These judgments disclose that said suits were instituted and foreclosure ordered because of the default of payments of principal and interest due on said loans and not by reason of the nonpayment of taxes, although there is a finding that the taxes had not been paid. Said judgments also recite that Autry was present, offered evidence, and sought to defeat the foreclosure of these mortgages, and he will not be heard now to say in opposition to the recitals of said journal entries of judgment that the Harlows were at fault and responsible for the foreclosure of these mortgages and the sale of said real estate.

Plaintiff next contends that under the allegations of the pleadings he was without fault in failing to release said mortgages of the National Building & Loan Association and that the defendant was responsible for the nonpayment thereof. This contention is based largely on a clause in the written contract executed at about the same time as the deed between the parties, which reads as follows:

"There being loans on said property of $2,000, $2,500, which said first party agrees to pay, and to release the above property therefrom, all of said property to be free from any and all incumbrances whatsoever as soon as money can be realized on said notes, given by second party to said first party."

Plaintiff cites many cases holding to the effect that when two or more instruments are executed on the same day and relate to the same subject-matter and one relates to the other, the presumption is that they evidence but a single contract. This, however, does not always follow as a fact. We deem it unnecessary to decide whether the deed and contract herein were one and the same transaction, but for the purpose of this appeal we will assume that they were.

Plaintiff contends that he was under no obligation to pay the Building & Loan Association until he had received sufficient payments from the Harlows on the purchase

# 282 — 131 OKLAHOMA REPORTS

price of real estate to discharge said incumbrances of the Building & Loan Association. This construction is reading something into the contract that is not there. As we construe said contract, plaintiff agreed to pay said loans and further agreed that said property would be free from any and all incumbrances whatsoever as soon as money could be realized on the notes given by the defendants to the plaintiff. This latter provision appears to relate to other possible incumbrances or probably to the mortgage securing the purchase price of the defendants, but not to the loans of the Building & Loan Association. It appears from the pleadings that Autry was a business man and was dealing with one who, prior to the commencement of this suit at least, had been adjudged incompetent. If Autry had expected Harlow to pay him the money with which to release these mortgages, it seems more probable that he would have let the Harlows assume these mortgages and execute their notes for the balance of the purchase price, or he could have inserted a specific provision in the contract that said mortgages were not to be paid until the Harlows had paid him sufficient money on their obligation to discharge said incumbrances.

We must assume, in the absence of fraud, mistake, or the like, that the parties to contracts in writing understand the plain provisions of their contracts, and this court cannot read something into a contract that the parties themselves do not place therein. The rule is that competent parties make their own contracts, and in the absence of fraud, mistake, or ambiguity the courts will not make contracts for them, but will only enforce contracts which they have made themselves. The contract under consideration does not warrant the construction placed thereon by the plaintiff.

The last contention of plaintiff in error is that the court erred in rendering judgment on the pleadings because of the uncontroverted allegations of the plaintiff's reply that $1,450 of said notes was for furniture which defendants purchased from the plaintiff and still held and did not offer to return. This contention is meritorious, as we cannot say from the pleadings that there was a failure of consideration for said notes, and, therefore, we must conclude that the court erred in not rendering judgment for the plaintiff on these notes, although the judgment as to the remainder of the notes must be affirmed.

The judgment of the trial court is reversed, and the case is remanded, with directions to render judgment for G. E. Autry on his cross-petition in the sum of $1,450 with interest and attorney's fee and for foreclosure of said mortgage securing the same. The balance of the judgment of the trial court is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 8 C. J. p. 744, §1018; p. 752, §1023; 3 R. C. L. p. 942; 1 R. C. L. Supp. p. 928; 4 R. C. L. Supp. p. 223; 6 R. C. L. Supp. p. 209. (2) 13 C. J. p. 525, §485. (3) 4 C. J. p. 1180, §3214.