## LEHR v. MELTON.

No. 25720. April 9, 1935.

Rehearing Denied May 7, 1935.

W. F. Schulte, for plaintiff in error.

C. F. Green, for defendant in error.

PER CURIAM. The parties appear in this court in the same position as in the trial court, and will be referred to as plaintiff and defendant.

The plaintiff and defendant were partners in the insurance, loan and real estate business in Ada, Okla., and on August 15, 1923, entered into a written contract of dissolution of the partnership, by the terms of which the business was sold to the defendant, and it was agreed that a certain note owned by the partnership in the sum of $605, signed by John Fitts, should be the absolute property of the plaintiff. There is only one reference to this note in the agreement, which is as follows:

"It is also agreed and understood between them that the John Fitts note for $605 shall be the property of the second party, and that if there is any loss on the said John Fitts note the first party agrees to bear one-half of the said loss."

The plaintiff, as the owner of said note, brings this suit upon the terms of the dissolution contract above quoted, alleging a loss of $1,562.32, which appears to be made up of interest, attorney's fees and costs, and prays judgment for one-half of that amount. The defendant denies that he is liable for the note by the terms of the dissolution agreement, and that the plaintiff had sued on another note in the sum of $500 signed by the same party, secured by a second mortgage, and the amount of the attorney's fee should be limited to the provisions of the $605 note, and if the defendant is liable at all it would be for one-half of the $605 note and one-half of the attorney's fees allowed thereon, to wit, $30.25. It appears that this note was secured by second real estate mortgage, and the first mortgagee foreclosed its mortgage and sold the security, and after all costs were paid there was a balance of $214.66 in the hands of the court clerk, which was by the trial court ordered paid to the plaintiff to apply upon his entire judgment.

Upon a trial of the case, the court instructed the jury to return a verdict for the plaintiff in the sum of $274.34, being one-half of the $605 note, less $28.16, being one-half of the total collection in the foreclosure suit by the plaintiff applicable to the $605 note. After an unsuccessful motion for new trial, plaintiff brings this case for review and complains that the trial court erred in not allowing interest on the recovery. Other assignments of error were set out in the petition in error, but were abandoned in the brief.

It is urged by the plaintiff that this is a contract of guaranty, and that the defendant, by the terms of the dissolution agreement, was liable not only for his one-half of the $605 note, but all interest thereon to the date of ascertainment of loss, under the above-quoted provision. There is no allegation or proof on the part of the plaintiff of fraud, accident, mistake, or omission in the drawing of the agreement.

In the case of Union Trust Co. v. Shelby-Downard Asphalt Co., 55 Okla. 251, 156 P. 903, this court said:

"Intention of parties in a written contract is to be ascertained from the reading alone if possible."

It seems to us, and we so hold, that the quoted provision of the contract in question is a contract of indemnity and not a contract of guaranty. A contract of guaranty is a promise to answer for the detbt default, or miscarrige of another (O. S. 1931, sec. 9600), while a contract of indemnity is a contract by which one engages to save the other from a legal consequence of the conduct of one of the parties or some other person. O. S. 1931, sec. 9648. See, also, Peterson v. Nelson, 77 Mont. 539, 252 P. 368.

"The general rules which govern the contract and interpretation of other contracts

apply in construing a contract of indemnity and in determining the rights and liabilities of the parties thereunder." 31 C. J. 426.

Under the above-quoted provision of the contract, the defendant obligated himself to bear one-half of the loss on the $605 note, if there was any loss, and there was no mention made of a continuing guaranty for future interest to be earned thereby. In order for the plaintiff to collect earned interest thereon, there must be some provision of the contract to authorize it. The court will not assume a condition in a written contract in the absence of some fraud, mistake, omission or ambiguity therein based upon proper pleading in evidence. Autry v. First National Bank, 131 Okla. 279, 269 P. 286.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Marvin T. Johnson, C. H. Jameson, and Philip Kates in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Johnson, and approved by Mr. Jameson and Mr. Kates, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.