## MELTON v. SCHULTE.

No. 31522. Dec. 12, 1944.

*154 P. 2d 90.*

C. F. Green of Ada, for plaintiff in error.

W. F. Schulte, of Ada, for defendant in error.

PER CURIAM. This action was commenced by W. F. Schulte against W. T.

Melton to obtain a judgment for $274.34. Judgment was for the plaintiff, and defendant appeals.

On the 16th day of December, 1933, C. P. Lehr obtained a judgment for $274.34 against W. T. Melton. This judgment was affirmed on appeal to this court (Lehr v. Melton, 172 Okla. 150, 44 P. 2d 111). On the 28th day of February, 1941, C. P. Lehr assigned the judgment to the plaintiff. Plaintiff commenced this action to obtain a judgment against W. T. Melton; the defendant filed an answer alleging that the original judgment was obtained in an action on a note made and executed by John Fitts and wife and which note the defendant had guaranteed; that C. P. Lehr obtained a judgment against John Fitts and his wife for $1,621.40, and that on the 4th day of August, 1941, C. P. Lehr settled the judgment against John Fitts and his wife for $400; that it was the duty of C. P. Lehr and the said W. F. Schulte to credit the judgment against Melton with any funds received from John Fitts and his wife.

The judgment obtained by Lehr against John Fitts and his wife was obtained in a foreclosure proceeding of property on which Lehr held a second mortgage. Lehr and the defendant Melton had been partners in a real estate business. They entered into a contract of dissolution, and in said agreement regarding the dissolution a note executed by John Fitts for the sum of $605 was delivered to Lehr and guaranteed by the defendant Melton. It was the position of Lehr in the action decided by this court in Lehr v. Melton, supra, that Melton was liable for the entire amount of said indebtedness. It was the position of Melton in that action that he was a surety on said note. This court held that Melton was an indemnitor to Lehr, and the opinion in that case is res judicata of that question in this proceeding.

In the petition in error and the assignments thereunder, the defendant has presented four propositions. In the first two it is argued that the court erred in admitting incompetent, irrelevant, and immaterial testimony submitted on the part of the plaintiff, and excluded competent, relevant, and material testimony offered and submitted on the part of the defendant. The objection deals with evidence introduced in rebuttal in regard to method of collecting the above $400 referred to. There was no objection to the evidence offered except that it was a part of the case in chief and not proper rebuttal. This court has held in Tancred v. Holuby, 124 Okla. 97, 254 P. 75, that either party is entitled to introduce evidence to rebut that of an adversary, and where a party offers relevant testimony in rebuttal, even though it might properly have been offered in support of his case in chief, it is not error to admit it unless an abuse of judicial discretion is shown. There is no claim that the defendant was surprised. The plaintiff had pleaded that he settled with the said John Fitts and his wife after he had attempted to levy execution and collect the judgment and was unable to do so. His testimony supported such allegation and was not even contested by the defendant in that respect. The court submitted the issues as to whether or not the plaintiff Lehr had acted unreasonably in settling said judgment or whether the action in that respect had prejudiced the rights of the defendant. We find no error in receiving the testimony out of order.

It is next urged that the court erred in refusing to give the jury defendant's special requested instructions Nos. 1, 3, and 4. These instructions are based upon the assumption that the defendant was a surety on the $605 note involved in Lehr v. Melton, supra, and we find no error in refusal to give such instructions.

The final proposition is that the court erred in giving instructions Nos. 2, 3, 4, and 5. We have examined said instructions and find that they fairly and reasonably state the law involved in the proceedings. They instruct the jury upon the law applicable to the duty of the principal in his relationship to the indemnitor. Instructions which fairly

and reasonably submit the issue will not work a reversal of the cause, even though there be slight error in such instructions, unless this court can say upon a review of all the instructions that they have affected the substantial rights of the complaining party. The instructions did not prevent the defendant from having fairly submitted the issue as to whether or not there was negligence in settling the judgment for $400. See, in this connection, Southwestern Surety Ins. Co. v. Neal, 81 Okla. 194, 197 P. 439.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur.