271 P.2d 312 (1954)
ATCHISON, T. & S.F. RY. CO.
v.
AYNES.
No. 36010.
Supreme Court of Oklahoma.
May 4, 1954.
Rehearing Denied June 8, 1954.
Rainey, Flynn, Green & Anderson, Oklahoma City, Neal A. Sullivan, Newkirk, for plaintiff in error.
Ross & Ross, Newkirk, George Miller, Ponca City, for defendant in error.
CORN, Justice.
Plaintiff brought this action to recover damages for personal injuries resulting from a collision between a north bound freight train operated by defendant and a farm tractor being driven in a westerly direction by plaintiff. The accident occurred during daylight at the intersection of defendant's track, which runs north and south, and an east and west street (Broadway) in Ponca City, Oklahoma. Plaintiff alleged his injuries were directly and proximately caused by negligence of the defendant and its employee, Fitzpatrick (a signal maintainer) in: (1) failing to sound warning; (2) maintaining an abstructed crossing; (3) failure of the crossing signals to operate and failure to properly inspect and maintain same; (4) excessive speed. These allegations were controverted and trial of the case resulted in a substantial verdict for plaintiff, upon which the judgment here appealed from was rendered. *313 At the close of the evidence Fitzpatrick's motion for directed verdict was sustained, and judgment was rendered only against the corporate defendant. A more comprehensive statement of the issues presented, or the evidence adduced at the trial is unnecessary.
The assignments of error are presented under five propositions, which urge the various matters relied upon for reversal of the judgment. The two propositions most strenuously urged are concerned with the admission of certain testimony, and the failure of the trial court to instruct the jury upon defendant's theory of the case. Since proper disposition of this appeal requires that the judgment be reversed and the case remanded for new trial, we consider only the question relating to the admission in evidence of certain testimony which was objected to by defendant as being incompetent and prejudicial to defendant's case.
Plaintiff's petition charged that the electric flashing, wig-wag signal located at the intersection was not operating at the time of the accident. This signal may be described as a beam or arm which hangs from an upright, and holds a flashing, danger signal and a bell, both motivated by electric impulse. By means of switches and connections along the railroad track any train which approaches the intersection causes the bell to ring and the warning light to flash. One of plaintiff's principal claims of negligence was that the wig-wag signal was not working at the time of the collision so that there was no warning whatever of the approaching train until it actually came into his vision.
Whether the wig-wag crossing signal was operating just prior to, and at the time of the collision, was a controverted question. Several of plaintiff's witnesses testified the signal was not operating. Numerous witnesses for defendant were equally positive in their testimony that they observed the signal just before the collision and that it was working.
The defendant Fitzpatrick, employed by the railroad as a signal maintainer, testified at length concerning the structure and operation of the type of signal device involved. This particular signal had been inspected 8 days prior to the accident and 2 days thereafter, and no repairs had been required during such period. He testified a defect in this type of signal caused it to go on "positive" and operate constantly, rather than becoming "non-operative." However, at several points in his testimony the witness conceded the possibility that any mechanical device might fail to operate, although these signals were constructed to be as nearly "fool-proof" as it was possible for them to be made. The signal was the same type as that used at the Highland Avenue crossing, but they were not connected in any manner.
When defendant rested plaintiff called a witness for the asserted purpose of offering rebuttal testimony upon the proposition that if signals of this type "stop working they will not start again." Defendant objected to the witness testifying and plaintiff made an offer of proof that the signal at the Highland Avenue crossing "was not in working condition along in March, April or May of 1951." Over defendant's objections the witness was permitted to testify that in one instance, some time during the period mentioned, she had observed one of defendant's freight trains as it approached this crossing (north of the Broadway crossing) and that the signal did not operate to warn of the train's approach, and did not begin to operate until after the engine and two cars passed over the intersection. She had reported this occurrence to defendant's employee.
Defendant objected strenuously to this testimony, on the ground it was improper rebuttal and because it was too remote in point of time. The trial court stated the admission of this testimony as rebuttal evidence required some stretch of the imagination, but nevertheless overruled defendant's objections and allowed the testimony to stand against defendant's motion to strike. We are of the opinion the admission of this evidence was erroneous, and so prejudicial to defendant as to require reversal of the judgment rendered.
If this testimony was offered to rebut defendant's evidence relative to the improbability of an operating failure with this type signal it was surplusage and wholly unnecessary *314 for such purpose. Defendant's own witness, although testifying at length as to the reliability of the signals, conceded that any mechanical device is subject to failure, and that there were instances or conditions whereunder these signals could fail to operate, although he knew of very few instances on non-operation. Having conceded the possibility of failure in these signals no purpose was served by the introduction of evidence of an isolated instance thereof.
But, at another point plaintiff's counsel asserted this testimony was offered for the purpose of showing that if a signal stopped working it would not start again. The witness testified the signal did not operate to warn of the approaching train, but after the engine and two cars passed over the crossing the signal began to operate. It is apparent the testimony was contradictory to the asserted purpose for which it was claimed to be offered.
Plaintiff urges the correctness of the trial court's ruling upon the ground that rebuttal evidence is any evidence which becomes relevant by reason of other evidence adduced by the adverse party, and which explains or controverts same. Melton v. Schulte, 194 Okl. 639, 154 P.2d 90. And, the admission or rejection of such evidence does not justify reversal of a cause unless an abuse of discretion appears, or that prejudice resulted from the trial court's ruling. See Caughlin v. Sheets, 206 Okl. 283, 242 P.2d 724.
The rule applicable to the question of admissibility of this type of evidence is that evidence of the existence of other defects existing at a remote time, different place, or under different circumstances and conditions, generally is inadmissible. See 45 C.J., Negligence, Sec. 808; 65 C.J.S., Negligence, § 234. This rule has been recognized and applied in our prior decisions. See Shawnee Gas & Elec. Co. v. Motesenbocker, 41 Okl. 454, 138 P. 790; Kaw Boiler Works, v. Frymyer, 100 Okl. 81, 227 P. 453; Foreman v. Chicago, Rock Island & Pacific Ry. Co., 181 Okl. 259, 74 P.2d 350. See also Kansas, Okl. & Gulf Ry. Co. v. Jones, 161 Okl. 206, 17 P.2d 959. Application of such rule herein does not conflict with our holding in Talliaferro v. Atchison, T. & S.F. Ry. Co., 61 Okl. 27, 160 P. 69. In that case a direct issue was made upon the question at which the rebuttal testimony was directed, whereas in the present case the possibility of failure of the signal device was conceded by defendant's evidence.
We think it clear the admission in evidence of this testimony respecting the operating failure of a crossing signal at a different location, and at an indefinite time, was seriously prejudicial to defendant's case. Although defendant conceded the possibility of such failure occurring, the jury readily could have been impressed by this testimony to the extent of concluding that the general unreliability of defendant's warning signal was shown. In the guise of being admitted as rebuttal testimony even though upon an issue which had been conceded such evidence could, when carried to the extreme, be declared admissible even though concerned with similar occurrences so far removed from the scene of the alleged negligence, as to make any connection or comparison ridiculous. The defendant was charged with negligence in certain particulars at a specified point. In whatever respects defendant might have been guilty of negligence at other places and times, it remained for plaintiff to recover upon the strength of his evidence as concerned the particular event. Evidence of unrelated incidents could not establish plaintiff's case, and no justification appears for requiring defendant to defend against them. This was a close case and the evidence upon the issue of the failure of the warning signal appears evenly balanced. Submission of the objectionable evidence for the jury's consideration undoubtedly permitted the jury to infer that since there was evidence of one failure it was probable this accident resulted from another failure of the warning signal. Acts or omissions which are claimed as negligence cannot be shown in such a manner.
Judgment reversed and case remanded with directions to grant a new trial.