**PEPSI–COLA BOTTLING CO., OF TULSA, OKLAHOMA, Inc., Plaintiff in Error,**

**v.**

**John V. PEERSON, Defendant in Error.**

**No. 42637.**

Supreme Court of Oklahoma.

July 7, 1970.

Sam P. Daniel, Jr., William C. Anderson, Doerner, Stuart, Moreland, Saunders & Daniel, Tulsa, for plaintiff in error.

Baker & Baker, Tulsa, for defendant in error.

BERRY, Vice Chief Justice.

This is an appeal from a judgment rendered in favor of defendant in error, plaintiff below, in an action seeking declaratory judgment adjudicating defendant's obligation to make certain royalty payments.

In 1961 plaintiff and Henderson were partners in ownership and operation of Muskogee Pepsi-Cola Bottling Company. Both plaintiff and defendant were franchised by national company, Pepsi-Cola of New York, for exclusively bottling and sales operations in respective territories. At that time soft drinks presently bottled and sold under trade names "Diet Pepsi", "Sugar Free Teem" did not exist. A drink distributed as "Mountain Dew" was owned by another corporation.

Defendant contracted to purchase all assets of Muskogee Pepsi-Cola Company. The sale and purchase consummated under that contract are not directly in issue here. However, ancillary to that contract the parties entered into a Covenant Not To Compete, and this instrument provided basis for the present action. In substance this instrument covered plaintiff's agreement not to engage in any phase of soft drink bottling, manufacturing and/or distributing business within geographical area of Muskogee franchise for period of ten years. Consideration for this covenant was defendant's agreement to pay plaintiff 5¢ royalty upon each 24 bottle case of soft drinks sold or distributed within Muskogee Pepsi-Cola franchise.

The petition alleged execution of the agreement not to compete, under which defendant agreed to pay plaintiff and Henderson royalty upon soft drinks sold; in January 1965 defendant began sale and distribution of "Mountain Dew" and "Teem" within franchised territory; although obligated to pay agreed royalty thereon defendant had failed and refused to pay upon demand; Henderson was deceased in 1963 and his executrix refused to join in action and should be named party defendant. Plaintiff asked declaratory judgment determining defendant's obligation to make royalty payments upon named soft drinks sold within Muskogee franchise area.

Defendant answered admitting execution of convenant, but alleged same failed to express parties' real agreement by reason of mutual mistake. When agreement was executed "Teem" was not a product of the Franchisor (Pepsi of New York), and Mountain Dew was property of another corporation and distributed in Muskogee area by a company whose assets defendant acquired in December 1965. The parties never intended nor agreed in any respect as to royalty upon sale of soft drinks not owned by national Pepsi. Covenant should be read in conjunction with, and in view of circumstances surrounding execution of contract for sale of assets which would reveal intent and purpose of parties. De-

fendant asked reformation of covenant to reflect true agreement of the parties with respect to products to be covered thereby, since by mistake plaintiff had gained an unfair advantage and it was contrary to equity to allow such mistake to stand.

Executrix of Henderson's estate disclaimed any interest in royalties allegedly due, and asked to be dismissed from the action. Plaintiff replied by general denial, and specifically denied the parties either intended or agreed only those soft drinks then being sold and distributed by defendant would be subject to royalty. Plaintiff also denied the covenant resulted from mutual mistake, or that plaintiff was entitled to have such agreement reformed.

The trial court found the soft drinks distributed by defendant, which are subject of royalty controversy, were not in existence when covenant was executed. However, the court construed the covenant to require plaintiff to stay completely out of the soft drink business, and to obligate defendant to pay royalty upon all soft drinks sold, which included every non-alcoholic drink sold by defendant. Judgment was entered in favor of plaintiff for royalty (2½¢) upon each case of soft drinks sold within Muskogee Pepsi Franchise.

On appeal defendant claims entitlement to reformation because clear and convincing evidence established the agreement was for payment of royalties only upon soft drinks franchised, or contemplated for franchise, by national Pepsi-Cola Company when this covenant was executed. Summarized, defendant argues where the parties have agreed to contract terms but the written agreement incorrectly expresses terms previously agreed upon, then equity will decree relief by reformation. This principle, established both by statute and decisional law, is the basis for defendant's claim to reformation. Because equitable right to reformation exists in proper cases, defendant urges the only question involved here concerns sufficiency of the evidence to show mutual mistake, and asserts the evidence clearly discloses existence of mutual mistake.

■ Defendant recognizes this Court will examine the record and weigh the evidence in cases of equitable cognizance, but points to an apparent qualification, that the proof need not be uncontradicted. Dennis v. American-First Title & Trust Co., Okl., 405 P.2d 993; Fabbro v. Reese, 206 Okl. 655, 246 P.2d 324. Correct statement of the applicable rule appears in Cleveland v. Rankin, 48 Okl. 99, 149 P. 1131. This case, cited and partially quoted numerous times, was the basis for syllabus 2 in Dennis, supra. In Rankin syllabus 1 states:

"Where an agreement, as reduced to writing by a scrivener, omits or contains terms or stipulations contrary to the common intention of the parties, the instrument will be corrected, so as to make it conform to their real intent, to the end that the parties be placed as they would have stood, if the mistake had not occurred. But in such case the party alleging the mistake must show exactly in what it consists and the exact correction to be made; that the mistake was mutual or common to both parties (that is, it must appear that both have done what neither intended). On the point, and to justify a correction, the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. Mere preponderance of evidence is not enough. The proof must establish the facts to a moral certainty and take the case out of the range of reasonable controversy; but it need not be so certain as to go beyond any possibility of controversy."

■ Analysis of the rule stated reflects evidence must be full, clear, unequivocal and convincing that there was a mistake, and that same was common to both parties. Mere preponderance of evidence in this regard is not enough. The proof must establish fact of the mistake to a moral

certainty, and remove the case from range of reasonable controversy.

Defendant's presentation involves the question whether these parties made an agreement different from the written convenant. It is argued the inquiry should not be as to what lawyers intended when drafting the instrument, but only what the parties really intended and agreed. Within this concept defendant reviews testimony of corporate officers purportedly stating the real intent and agreement of the covenant. By this testimony defendant sought to establish an intention to pay royalty only upon soft drinks in existence and bottled by plaintiff in the Muskogee area, including defendant's line of flavors which was to replace plaintiff's product. Further, there was no intention to pay royalty upon soft drinks not then in existence, or those owned by some national company other than Pepsi-Cola. This testimony, coupled with an admission from plaintiff on cross-examination, constitutes what defendant insists is clear and convincing evidence reflecting a mutual mistake. The testimony on cross-examination was an admission elicited from plaintiff to the effect that had defendant purchased a competing bottling company in Muskogee plaintiff would not feel entitled to royalties from sale of soft drinks produced by that company.

■ We are unable to attribute to this testimony the decisive quality defendant finds in the statement. To ascertain intent of parties to a contract the court must place itself in the position of the parties when the agreement was made, and look at the contract prospectively, rather than in retrospect. This principle was expressed in Withington v. Gypsy Oil Co., 68 Okl. 138, 172 P. 634, under syllabus 5 in this language:

"The court must place itself, as far as possible, in the position of the parties when the contract was entered into; and consider the instrument itself as drawn, its purpose and the circumstances surrounding the transaction, and, from a consideration of all these elements, determine upon what sense or meaning of the terms used their minds actually met."

■ Under this test it is clear the parties intended the covenant to bar plaintiff from engaging in any phase of a soft drink bottling business in the Muskogee area. As consideration for complete withdrawal from the business defendant agreed to pay royalty upon all soft drinks sold by defendant within geographical boundaries of the Muskogee Pepsi franchise. Plaintiff's testimony on cross-examination may be construed simply as acknowledgment that no royalties were payable except upon soft drinks sold by defendant under the Pepsi franchise. The testimony is as reasonably susceptible of this interpretation as that drawn by defendant in order to support a claim of mutual mistake.

Evidentiary requirements relating to equity's power to reform written instruments have been noted. Evidence offered by defendant to show mutual mistake contrary to the parties' intent, measured by rules noted in connection with circumstances and conditions surrounding this transaction, is insufficient to justify reformation of the contract. The trial court's findings and judgment are correct.

Judgment affirmed.

DAVISON, WILLIAMS, BLACK-BIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.