TULSA THEATRICAL STAGE EM-
PLOYEES UNION, LOCAL 354,
Appellant,

v.

BROADWAY THEATRE LEAGUE OF
TULSA, INC., Appellee.

No. 48208.

Supreme Court of Oklahoma.

May 18, 1976.

Rehearing Denied June 21, 1976.

Lloyd G. Larkin, Tulsa, for appellant.

Ungerman, Grabel & Ungerman, Tulsa, for appellee.

BERRY, Justice:

Action was instituted by Tulsa Theatrical Stage Employees Union, Local 354 [Union] against Broadway Theatre League of Tulsa, Inc. [Theatre] to recover sum of

$2,382.60, which amounted to double pay for services performed on February 22, 1972, George Washington's birthday.

After trial of case to court judgment was entered denying Union double pay, but instead granted Union regular pay of $1,494.-00, the amount Theatre had tendered for services performed on February 22, 1972, and part of February 23, 1972.

On appeal, Court of Appeals, Division 1 affirmed trial court. Court of Appeals, Division 1 subsequently granted rehearing, vacated prior opinion, and reversed decision of trial court. Theatre seeks certiorari.

The record reveals parties adopted a schedule of pay rates effective January 1, 1969, which provided:

"Holiday Days shall be paid at twice the prevailing rate. The following are holiday's effected:

1. New Years Day
2. George Washingtons Birthday
3. Good Friday
4. Easter Sunday
5. Memorial Day
6. Fourth of July
7. Labor Day
8. Veterans Day
9. Thanskgiving
10. Christmas Eve
11. Christmas Day
12. New Years Eve"

Union contends it is entitled to double pay for performing services on February 22, 1972, because it was George Washington's birthday both historically [1] and by statute. The statute relied upon is 25 O.S. 1959 § 82.2, which was in effect when the schedule of pay rates was adopted in 1969.

However, effective 1971, both Congress of the United States [5 U.S.C. § 6103] and

Oklahoma Legislature [25 O.S.1971 § 82.1] designated third Monday in February as date for observing George Washington's birthday as a holiday. In 1972, this Monday fell on February 21. February 22 was not designated as a holiday. Union performed services on February 22, 1972, but not February 21, 1972.

■ The single issue before this Court is, therefore, to determine what intent of parties was at time agreement was entered into. See *Withington v. Gypsy Oil Co.,* 68 Okl. 138, 172 P. 634, wherein it is stated in paragraph 5 of syllabus:

"The court must place itself, as far as possible, in the position of the parties when the contract was entered into; and consider the instrument itself as drawn, its purpose and the circumstances surrounding the transaction, and, from a consideration of all these elements, determine upon what sense or meaning of the terms used their minds actually' met."

■ To ascertain intent of parties to a contract the court must place itself in the position of the parties when the contract was made, and look at the contract prospectively, rather than in retrospect. *Pepsi-Cola Bottling Co. of Tulsa, Okla. v. Peerson,* Okl., 471 P.2d 924.

■ In instant action, parties stipulated agreement was prepared by Union. At time agreement was entered into federal legislation establishing holiday to be celebrated as George Washington's birthday had previously been enacted but it was not to become effective until January 1, 1971. The reason for delay between bill's enactment and its effective date is reported in Senate Report No. 1293 in 1968 U.S.Code Congressional and Administrative News, pp. 2335, 2338:

"* * * In this regard, it is significant to note that the bill does not go into

---

1. Actually George Washington was born on February 11, 1731. When the Gregorian calendar replaced the Julian calendar by act of British Parliament in 1750, his birthday was changed to February 22. Facts About The Presidents, 2nd ed., by Joseph Nathan Kane. Yet, according to Douglas' *American Book of Days,* Washington's birthday was first celebrated on February 12 at the direction of Compte de Rochambeau, commander of the French forces during the American Revolution.

effect until January 1, 1971. This advanced effective date would afford state legislatures an opportunity to act. In addition it will permit ample time for labor-management contracts to take the new holidays into account * * *"

Both Union and Theatre are deemed to have had knowledge of the federal legislation changing George Washington's birthday holiday to third Monday in February. It is also reasonable to infer parties anticipated state legislation would follow. Omission of specific dates in agreement would have been logical manner of handling this problem.

Black's Law Dictionary, 4th ed., defines holiday as:

"* * * a day set apart for commemorating some important event in history; a day of exemption from labor * * *"

Bouvier's Law Dictionary, 3rd ed., defines the term as:

"Legal holidays are * * * merely the creation of statute law * * *"

Holidays are days that vast majority of working force are free from work responsibilities, and it is generally considered an imposition to have to work on one of these days. It is therefore unreasonable to conclude parties intended double pay on days not designated at time work was performed as legal holiday.

In *Mortgage Clearing Corp. v. Baughman Lumber Co.*, Okl., 435 P.2d 135, we stated as follows:

"A reasonable construction of a contract is preferred to one which is unreasonable, and where the language of the contract is contradictory, obscure, or ambiguous and susceptible of two constructions, it will be interpreted in a fair and rational sense, rather than in a manner which would make the contract unusual, inequitable, or such that reasonable men would be unlikely to enter into."

■ Since agreement was drafted by Union any ambiguity will be resolved against it. See *King-Stevenson Gas & Oil Co. v. Texam Oil Corp.*, Okl., 466 P.2d 950.

We conclude Union is not entitled to double pay for services performed on February 22, 1972.

Certiorari granted. Opinion of Court of Appeals, Division 1, is hereby vacated and trial court affirmed.

All Justices concur.